167 So. 270

LANE v. HENDERSON.

7 Div. 315.

Supreme Court of Alabama.

April 9, 1936.

Miller & Miller, of Gadsden, and Savage & Savage, of Centre, for appellants.

Reed & Reed, of Centre, for appellee.

BOULDIN, Justice.

The judgment in ejectment was against two defendants, W. W. Lane and Jack Thomas. The appeal was taken by W. W. Lane alone. Appellee insists the appeal should be dismissed because the co-defendant was not in by summons as provided in Code, § 6143. Sherrod v. McGruder et al., 209 Ala. 260, 96 So. 78.

No summons appears in the record, but the assignment of errors recites: "Come the appellants, W. W. Lane, Jack Thomas, and Oma Edge Lane and severally and separately assign the following errors."

The assignment of errors following above caption is signed by named "Attorneys for appellants."

The briefs are filed in like form.

Jack Thomas is thus shown to have appeared and united in the appeal. Hence, there was no occasion for a summons.

It appears defendant Lane was a tenant of plaintiff on the lands for the year 1934. This suit was brought January 11, 1935. The defendant sought to prove a verbal contract with the authorized agent of the plaintiff made on December 18, 1934, to rent the lands for another year, beginning on that date.

"Where no time is specified for the termination of tenancy, the law construes it to be for the calendar year." Code, § 8797.

So if there was an agreement on December 18, 1934, to rent the land for another year, without more, it was a contract of rental for the calendar year 1935, and, not beginning until a future date, was void under the statute of frauds. Code, § 8034.

But no law prevents the making of a lease of farm land for one year from and after the date of such lease, if so expressed and understood by the parties. Defendant offered to so prove. The court sustained objections thereto. He appears to have held the view that landlord and tenant could not split up the year 1935, making a verbal lease to run to December 18th of that year. This was error.

124

A lease to run from December 18, 1934, for a period of one year is not inhibited by the statute of frauds. Dickson & Co. v. Frisbee, 52 Ala. 165, 23 Am.Rep. 565.

■ Only one witness was examined as to damages for detention, who said the rental value from January 1st to February 13th would be "something like $20.00." This purported to be a mere estimate; a matter of opinion upon a question of value of the use of property during the detention.

The court, on this showing, gave the affirmative charge for plaintiff, not merely for the recovery of the land, but also for $20 for detention. This was error; an invasion of the province of the jury.

■ For purposes of another trial we observe that the pendency of a suit in unlawful detainer on appeal from the justice court at the time this suit was begun furnishes no ground for plea in abatement. While both are possessory actions, the causes of action are not the same.

■ A recovery in ejectment may be had after termination of the tenant's right of possession without any 10 days' demand in writing, essential to perfect a right of action in unlawful detainer. Indeed, where the right of possession has terminated under the terms of the lease, a further holding is wrongful, and no demand is prerequisite to the right to maintain ejectment.

■ Ejectment may be maintained on proof of title carrying, as an element of ownership, a right to possession and enjoyment. Unlawful detainer is a penal action, summary in character, specifically designed to oust a hold-over tenant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.