34 So.2d 144

### JOHNSON et al. v. BARNES.
### 6 Div. 512.

Supreme Court of Alabama.
Feb. 26, 1948.

P. A. Nash and L. P. Waid, Jr., both of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for appellee.

LIVINGSTON, Justice.

The appeal is from an order of the Probate Court of Blount County, Alabama, granting an application to condemn lands under and by virtue of the provisions of Chapter 4, section 56 et. seq., Title 19, Code of 1940, and appointing three citizens with qualifications required by the statute, section 11, Title 19, Code, to assess the damages.

There is no existing statutory authority for a direct appeal to this Court from an order of the probate court granting or refusing an application to condemn lands. The appeal is to the circuit court. Formerly such an appeal was authorized.

The successive statutory changes concerning the subject were reviewed in the recent case of City of Birmingham v. Brown, 241 Ala. 203, 2 So. 2d 305. In the absence of further statutory change, we deem it unnecessary to repeat what was said in the Brown case, supra.

■ Appeals are of statutory origin and, unless so provided, no appeal will lie. The question being a jurisdictional one, it is the duty of the Court to dismiss the appeal ex mero motu. Greenwood et al. v.

State ex rel. Bailes, Solicitor, 229 Ala. 630, 159 So. 9. We must therefore dismiss the appeal.

Appeal dismissed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.