72 So.2d 854

## STANTON v. MONROE COUNTY.

### 1 Div. 593.

Supreme Court of Alabama.

May 20, 1954.

Telfair J. Mashburn, Jr., Bay Minette, for petitioner.

Ralph L. Jones, Monroeville, for respondent.

LIVINGSTON, Chief Justice.

This is a petition to this court for writ of certiorari to be directed to the Circuit Court of Monroe County, Alabama, requiring that court to certify and send up to this

court the record of the proceedings in the case of Alvin Stanton v. Monroe County in order that we may review and determine said cause.

In substance, the following facts are stated in the petition: On July 6, 1953, the appellee, Monroe County, filed a petition in the probate court of that county to condemn certain lands therein belonging to appellant for highway purposes. The application for an order of condemnation was granted on July 25, 1953, and commissioners were appointed to appraise said lands. On August 10, 1953, the commissioners filed their report. Appellant filed notice of appeal to the circuit court on August 18, 1953. The order of condemnation, however, was not actually entered by the probate court until August 26, 1953. On October 26, 1953, Monroe County filed a motion to dismiss the landowner's appeal, then pending in the circuit court, on the ground that the appeal had been prematurely taken. Appellant, on November 10, 1953, filed a motion to amend his appeal in the circuit court so as to show that said appeal was filed on August 26, 1953, instead of August 18, 1953. In support of the latter motion, appellant filed affidavits made by the petitioner, Alvin Stanton, and his attorney. These affidavits were to the effect that petitioner's attorney, in the presence of the petitioner, called the Probate Judge of Monroe County on the telephone and asked him for the date upon which the order of condemnation had been entered. The affidavits further state that the probate judge told petitioner's attorney that the order of condemnation had been entered on August 10, 1953; that, relying on the information given him by the probate judge who would make the order of condemnation, petitioner's attorney prepared the notice of appeal as of said date. Subsequently, the appellee filed an affidavit made by E. T. Millsap, the probate judge, admitting the telephone conversation with petitioner's lawyer on August 18, 1953, but denying that he had told the said attorney that an order of condemnation had been entered in the case involving petitioner's lands on August 10, 1953. The probate judge stated that he had merely told petitioner's attorney that the commissioners had made their report on the latter date. On January 29, 1954, A. H. Elliott, Judge of the Circuit Court of Monroe County, entered an order denying petitioner's motion to amend, and dismissed the appeal. The instant petition is based upon said rulings of the circuit court.

The ground in support of appellee's "Motion to Dismiss Petitioner's Appeal" is that said appeal was prematurely taken. Thus, we must determine whether or not the circuit court ever acquired jurisdiction over the cause.

In approaching the solution, we should keep in mind that the question involves an appeal from the probate court to the circuit court, under a special statutory provision, dealing with the specific subject of this proceeding. See Tit. 19, § 17, Code of Alabama 1940. The right of the Supreme Court, under art. 6, § 140, Constitution of Alabama 1901, to exercise "a general superintendence and control of inferior jurisdictions" is not involved. Tit. 7, § 805, Code of Alabama 1940, which provides for amending defects in the taking of appeals to the Supreme Court and Court of Appeals, has no application in this case. Also, the application for appeal, provided for in Tit. 7, § 754, Code of Alabama 1940, has no reference to an appeal from the probate court to the circuit court.

Tit. 19, § 17, Code of Alabama 1940, states as follows:

"Appeal to circuit court.—Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days after the making of the order of condemnation, by filing in the court rendering the judgment, a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney, and on such appeal, the trial shall be de novo, * * *."

■ As stated previously, appellant filed notice of appeal to the circuit court on August 18, 1953, more than a week prior to the date (August 26, 1953) that the order of condemnation was actually entered by the

probate court. Appellant did not file a motion to amend his appeal until November 10, 1953, approximately two and a half months after the order of condemnation was entered. Such, in our opinion, conclusively shows that Tit. 19, § 17, supra, was not complied with by the appellant. That section is "the only provision of law for appeals from orders of condemnation entered by courts of probate in these proceedings, excluding, as it necessarily does, the application of the general law on the subject of appeals from the probate to the circuit to appeals in the special proceeding to which it relates." State ex rel. Wood v. Williams, 125 Ala. 115, 28 So. 401.

 "Appeals are of statutory origin and, unless so provided, no appeal will lie." Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144, 145. The remedy by appeal "was entirely unknown to the common law. Consequently, the remedy by appeal in actions at law and in equity is purely of constitutional or statutory origin, and exists only when given by some constitutional or statutory provision, and the courts have no inherent authority with respect thereto." 4 C.J.S., Appeal and Error, § 18. Mr. Justice Goodwyn, speaking for this court in Clary v. Cassels, 258 Ala. 183, 61 So.2d 692, 697, quoting from Lewis v. Martin, 210 Ala. 401, 98 So. 635, states the following as to the right of appeal:

> " 'An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute * * * and must be perfected and prosecuted pursuant to the time and manner prescribed.' "

DeVane v. Smith, 216 Ala. 177, 112 So. 837, states as follows:

> "Appeal is statutory, and the question is a jurisdictional one."

Tit. 19, § 17, supra, allows the right of appeal "within thirty days after the making of the order of condemnation" in the probate court, the appeal being "to the circuit court of the county" in which the order is rendered. We are aware of no statute which authorizes the amendment of an appeal from the probate court to the circuit court in similar proceedings, not perfected as required by Tit. 19, § 17, supra, after the expiration of the thirty-day limitation. Rule 23 of Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction certainly provides no such authority; it merely refers to "the rules of the supreme court," and can have no effect whatever upon Tit. 7, § 805, supra.

We are of the opinion that appellant's failure to perfect his appeal as required by Tit. 19, § 17, supra, went to the jurisdiction of the circuit court. Appellant's motion to amend, filed subsequent to the thirty days allowed by said statute, was correctly denied by the circuit judge. In short, no error was committed in the dismissal of the petitioner's appeal. Johnson v. Barnes, supra. It follows, therefore, that the instant petition must be denied.

Writ denied.

STAKELY and MERRILL, JJ., concur.

LAWSON, J., concurs in the result.