122 So.2d 158

**STATE of Alabama**

v.

**Roy KING et ux.**

**7 Div. 489.**

Supreme Court of Alabama.

June 30, 1960.

Maurice F. Bishop, Birmingham, and Roberts & Orme, Gadsden, for appellant.

John H. Martin, Pell City, for appellees.

GOODWYN, Justice.

This is an eminent domain proceeding which originated in the probate court of St. Clair County upon application filed therein by the state (appellant) on September 12, 1958, to acquire, for highway purposes, certain lands belonging to appellees. An order granting the application (Code 1940; Tit. 19, § 7) and appointing commissioners (Tit. 19, § 11, as amended by Act No. 79, approved April 14, 1956, Acts Special Sess. 1956, Vol. I, p. 371) was made on October 29, 1958. The commissioners made their report, pursuant to § 16, Tit. 19, on November 4, 1958. On November 21, 1958, the owners filed in the probate court a notice of appeal to the circuit court (§ 17, Tit. 19) "from that order of condemnation of October 29, 1958, upon report of the commissioners heretofore entered in said cause and from such report of Nov. 4, 1958, relating to the fol-

lowing lands, viz: [property being condemned]." Thereafter, on December 5, 1958, the probate court entered an order of condemnation (§ 15, Tit. 19). No appeal was taken from that order (§ 17, Tit. 19).

The state filed a special appearance in the circuit court of St. Clair County, to which the purported appeal was taken, and moved for dismissal of said appeal on the ground, among others, that the appeal "was premature", being filed before any order of condemnation was entered in the probate court, and that the circuit court was "without jurisdiction" to try the case since no appeal had been perfected from the order of condemnation entered on December 5, 1958. The motion to dismiss was overruled on July 16, 1959. On the same day, a jury trial was had and a judgment of condemnation entered. The state's motion to set aside the verdict of the jury and the judgment rendered thereon and grant it a new trial being overruled on October 28, 1959, it brought this appeal (§ 23, Tit. 19) on November 18, 1959, from the judgment of condemnation and also from the judgment overruling its said motion.

The state's first insistence, which is determinative of this appeal, is that the circuit court was without jurisdiction to entertain the appeal and, hence, the state's motion to dismiss should have been granted. This precise question was presented and resolved in accord with the state's contention in Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854, 856. Appellees recognize the controlling effect of that case, but invite us to overrule it. But we find no warrant to do so. Our view is that the decision is based on sound reasoning. Accordingly, we must hold that the circuit court did not acquire jurisdiction in the case before us. As said in the Stanton case, the failure to perfect the appeal as required by § 17, Tit. 19, "went to the jurisdiction of the circuit court."

Since the circuit court was without jurisdiction, the judgment of condemnation there rendered, and from which this appeal, in part, was taken, is void and will not support the appeal. Barnes v. Evans, 267 Ala. 236, 237, 101 So.2d 331; Gipson v. Smith, 261 Ala. 477, 479, 75 So.2d 85. But the appeal is also from the judgment overruling the state's motion for a new trial. One of the grounds of the motion is that error was committed in overruling the state's motion to dismiss the appeal taken to the circuit court. In effect, this ground of the motion is that the circuit court was without jurisdiction to entertain the appeal, thus rendering void its judgment of condemnation. We have held that an appeal will lie from a judgment or decree overruling a motion to vacate a judgment or decree void on the face of the record. Robinson Co. v. Beck, 261 Ala. 531, 533, 74 So.2d 915; Griffin v. Proctor, 244 Ala. 537, 541, 14 So.2d 116; Sweeney v. Tritsch, 151 Ala. 242, 245, 44 So. 184. Since the judgment of condemnation in the circuit court is of that character, the overruling of the motion to set it aside will support the appeal.

The appeal to this court from the judgment of condemnation rendered by the circuit court is dismissed. The judgment overruling the state's motion to set aside the judgment of condemnation rendered by the circuit court is reversed and the cause is remanded to that court with directions to grant the state's motion to dismiss the appeal.

Appeal, in part, dismissed. As to the other part, judgment reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, STAKELY, MERRILL and COLEMAN, JJ., concur.