123 So.2d 145

STATE of Alabama

v.

Hugh M. DISKER, as Guardian for Lovie Disker et al.

7 Div. 488.

Supreme Court of Alabama.

Sept. 15, 1960.

---

Maurice F. Bishop, Birmingham, and Roberts & Orme, Gadsden, for appellant.

John H. Martin, Pell City, for appellees.

STAKELY, Justice.

This case involves a premature appeal from an order of condemnation of land entered by the probate court. The appeal from the circuit court to this court is from a jury verdict and order of condemnation entered thereon and the overruling of appellant's motion for a new trial in an eminent domain (condemnation) proceeding, instituted by the State of Alabama to acquire land for public highway purposes under Chapter 1, Title 19, § 1 et seq., Code of 1940.

The case originated by petition for an order of condemnation filed in the Probate Court of St. Clair County, Alabama, in which the State of Alabama sought to acquire the property here involved, as part of the new Birmingham-Gadsden-Limited-Access Interstate Highway. The petition was granted by the probate court on October 29, 1958. Commissioners were appointed to assess the damages and compensation on the same day. The commissioners filed their report in the Probate Court of St. Clair County, Alabama, on November 4, 1958, and the order of condemnation was entered in the Probate Court of St. Clair County, Alabama, on December 5, 1958.

The respondents (appellees) filed what purports to be a notice of appeal to the Circuit Court of St. Clair County on November 21, 1958, which was prior to the order of condemnation entered on December 5, 1958. The alleged notice of appeal recites that an appeal was being taken "from that order of condemnation of October 29, 1958, upon report of the commissioners heretofore entered in said cause and from such report of November 4, 1958."

When the case was called for trial in the Circuit Court of St. Clair County, Alabama on the 13th day of July, 1959 and the jury duly and regularly empaneled and sworn and while counsel for appellees was making his opening statement to the jury, the petitioner (appellant) in open court moved the court to dismiss the purported appeal on the grounds that the notice of appeal shows on its face that it was taken from a purported order of October 29, 1958, and upon such report of November 4, 1958. The motion was overruled and the petitioner (appellant), duly excepted.

Following the trial the jury returned a verdict in the amount of $6,000. From that verdict and the order of condemnation entered thereon and the denial of its motion for new trial, the petitioner brings this appeal.

Under § 17, Title 19, Code of 1940, an appeal from the probate court to the circuit court must be taken within thir-

**338**

ty days from the order of condemnation. It is argued that the appeal from the probate court to the circuit court, even if premature, was waived in the circuit court. We cannot agree with this contention. In two recent cases this court has held that the premature taking of such an appeal is not a defect in the procedure but is a jurisdictional defect. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854; State of Alabama v. King, et ux., ante, p. 16, 122 So. 2d 158.

The statutory provision for appeal from the probate court to the circuit court, after entry of the order of condemnation, excludes the application of the general law on the subject of appeals. Stanton v. Monroe County, supra.

It follows that since the circuit court was without jurisdiction, the judgment of condemnation there rendered and from which this appeal, in part, was taken, is void and will not support an appeal. Stanton v. Monroe County, supra; State of Alabama v. King, supra. However, one of the grounds of the motion is that error was committed in overruling the state's motion to dismiss the appeal taken to the circuit court. As shown in State of Alabama v. King, supra, an appeal will lie from a judgment or decree overruling a motion to vacate a judgment or decree void on the face of the record and further in accordance with the proceedings followed in State of Alabama v. King, supra, the appeal to this court from the judgment of condemnation rendered by the circuit court, is dismissed.

The judgment overruling the state's motion to set aside the judgment of condemnation rendered by the circuit court is reversed and the cause is remanded to that court with directions to grant the state's motion to dismiss the appeal.

Dismissed in part and in part reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.