267 So.2d 795

**STATE of Alabama**

v.

**Cornelia Carr COBB et al.**

5 Div. 921.

Supreme Court of Alabama.

Sept. 7, 1972.

Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for appellant.

**386**

W. B. Reneau, Wetumpka, for appellees.

PER CURIAM.

Appeal from a ruling of the Circuit Court dismissing an appeal of the State of Alabama from the Probate Court of Elmore County.

After an award in a condemnation proceeding to acquire certain real property for public use, the State appealed to the Circuit Court with demand for a jury trial.

The original petition prayed:

"1. That the Court will make and enter an Order setting the hearing of this Petition and appointing a guardian ad litem to represent the interest of any and all unknown persons, firms, associa-

tions, and corporations who may claim or hold any right, title or interest in the herein described real estate."

Thereafter there was filed in the Probate Court and in the Circuit Court the following:

## "APPOINTMENT AND ACCEPTANCE OF GUARDIAN AD LITEM

"It appearing to the Court from the verified petition filed in this cause that it is necessary to have a guardian ad litem appointed to represent the interest of any and all unknown persons, firms, associations, and corporation [sic] who may claim or hold any right, title or interest in the real estate described in the petition filed in this cause, it is ordered and decreed that W. B. Reneau, a practicing attorney in Wetumpka, Elmore County, Alabama, be and he hereby is appointed guardian ad litem to represent and protect the interest of said parties.

"ORDERED AND DECREED this 10 day of September, 1969.

"s/ W. M. Cousins Jr.
Probate Judge

"I hereby accept service of appointment as guardian ad litem in the above matter and waive service of same by the sheriff. For answer to the petition filed in said cause I hereby deny each and every material allegation thereof and demand strict proof of same.

"s/ W. S Reneau
Guardian ad Litem

"Filed in office
9–10–69
W. M. Cousins Jr.

"Filed in office
this 19 day of March 1970
B. J. Moody"

The alleged owners of Tract 14, part of the land sought to be condemned, were Cornelia Carr Cobb, Millbrook, Alabama, and W. J. Johnston, Tax Collector, Elmore

County, Alabama. Attorney William Reneau appeared for the defendant Cornelia Carr Cobb.

An order of the Circuit Court appointed W. B. Reneau guardian ad litem "to represent the interest of any and all unknown persons * * * who may claim or hold any right, title or interest in the real estate described in the petition * * *." Said attorney accepted service of the appointment waiving service by the sheriff. He also denied each and every material allegation and demanded strict proof of same. This document and order were filed in Circuit Court on July 8, 1970 and read as follows:

## "APPOINTMENT AND ACCEPTANCE OF GUARDIAN AD LITEM

"It appearing to the Court from the verified petition filed in this cause that it is necessary to have a guardian ad litem appointed to represent the interest of any and all unknown persons, firms, associations and corporations who may claim or hold any right, title or interest in the real estate described in the petition filed in this cause, it is Ordered and Decreed that W. B. Reneau, a practicing attorney in Wetumpka, Elmore County, Alabama, be and he hereby is appointed guardian ad litem to represent and protect the interest of said parties.

ORDERED AND DECREED this 8th day of July, 1970.

"s/ Joseph J. Mullins
Circuit Judge

"I hereby accept service of appointment as guardian ad litem in the above matter and waive service of same by the sheriff. For answer to the petition filed in said cause I hereby deny each and every material allegation thereof and demand strict proof of same.

"s/ W. B. Reneau
Guardian ad Litem

"Filed July 8, 1970
and enrolled B. J. Moody, Clerk"

The case was called for trial in the Circuit Court of Elmore County on August 4, 1971. Attorney W. B. Reneau, as guardian ad litem, moved the court to dismiss the appeal on the ground that no notice of the appeal was served upon him, in his capacity as guardian ad litem. There was a stipulation in open court that "* * * neither the Probate Judge, nor the Circuit Clerk, issued a notice to Mr. Reneau, as Guardian Ad Litem, for these unknown * * * people * * * that he represents in the proceeding."

Thereafter the court granted the motion and dismissed the appeal.

We consider first the Assignments of Error 1–4 inclusive, all charging error in dismissing the appeal. Appellant first maintains that no guardian ad litem was necessary because all owners of the property were over age 21, and of sound mind.

We defer consideration of this contention to consider the second proposition of law presented, namely: "A voluntary appearance by a party upon whom no notice of appeal was served constitutes a waiver of such notice."

There can be no question that while the case was pending in the Circuit Court, counsel received his appointment on July 8, 1970 as guardian ad litem for the "unknown" persons, etc., and on the same day "accepted service of the appointment", and waived service of same by the sheriff.

Furthermore, at the same time the answer denying "each and every material allegation thereof * * *" was filed.

While the court, later, and on August 4, 1971 permitted the answer (only) to be withdrawn, nevertheless he was still in court as counsel for "any and all unknown persons, firms, associations and corporations who may claim or hold any right, title or interest in the real estate described * * *."

In Newton v. Alabama Midland Ry. Co., 99 Ala. 468, 13 So. 259, the railroad instituted proceedings in the Probate Court to

condemn a right-of-way over the lands of Mrs. Newton. The railroad appealed to the Circuit Court from an order in the Probate Court dismissing the application. The same counsel that had represented Mrs. Newton in the Probate Court appeared and represented her in the Circuit Court. Following the order of condemnation in the Circuit Court, Mrs. Newton moved to set aside the order, claiming that no notice of appeal from the Probate to the Circuit Court was served on her, and that she never authorized anyone to accept service on her behalf. The Supreme Court affirmed the order of the Circuit Court, refusing to set aside the order of condemnation and stated, in language here controlling:

"It is immaterial whether notice of the appeal was served on Mrs. Newton or her counsel or not, since the record shows she duly appeared in the cause in the appellate court by her attorneys. The purpose of notice to a party is to bring him into court. If he voluntarily appears, notice is unnecessary. The fact of such appearance, when it is shown by the record, cannot be disputed on motion to set aside the judgment. The record is conclusive in such a case."

In Cosby v. Moore, 259 Ala. 41, 65 So. 2d 178, the appellant instituted a contest against the appellee on his election as Mayor of Opp. From a judgment dismissing the proceeding, Cosby appealed. The judgment in the trial court was against the sureties on the instrument securing costs. We held that the appearance of the sureties and their adoption of the assignments of error satisfied and waived any notice as required in § 804, Title 7, Code.

Other decisions of this court have held that a voluntary appearance by a party upon whom no notice of appeal was served constitutes a waiver of such notice. Parker v. Downing, 268 Ala. 616, 109 So.2d 130; Lane v. Henderson, 232 Ala. 122, 167 So. 270.

We hold that the guardian ad litem had actual notice of appeal from the Probate Court to the Circuit Court and that the appearance by the guardian ad litem in the Circuit Court waived any further notice.

Because of this holding we forego consideration of the other question presented dealing with the necessity of appointing a guardian ad litem.

The foregoing opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH and McCALL, JJ., concur.