279 So.2d 126

**STATE of Alabama**

v.

**Clara L. FAY et al.**

**SC 83, 83A–B–C–D–E–F.**

Supreme Court of Alabama.

June 7, 1973.

Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for appellant.

Volz, Capouano, Wampold & Prestwood and Al J. Sansone, Montgomery, for appellees.

MERRILL, Justice.

This appeal is from a judgment dismissing the appeals of the State of Alabama as to six different parcels of land which had been condemned for highway use in the probate court.

All of the parcels are included in 563 acres apparently belonging to the John D. Fay Estate. The petition named the persons jointly owning or claiming an interest in the six parcels as Clara L. Fay (represented by Hon. George P. Howard), Eva Golson, Evelyn Hubbard, Bradford Golson, Eula Hubbard Dominick and Hilda G. Atkeison (represented by Hon. W. B. Reneau), Fay Golson and Julie Golson, address unknown, and W. J. Johnston, Tax Collector, Elmore County. Hon. Robert S. Milner was appointed guardian ad litem for "any and all unknown persons, minors and persons of unsound mind, firms, associations and corporations, and any persons who are in the Armed Forces of the United States, who may claim or hold any right, title or interest in the lands described in the petition for condemnation filed herein by the State of Alabama against Clara L. Fay, et als., to represent and protect their interests in said proceeding." Fay and Julie Golson were served by publication.

The commissioners made awards totaling $38,375.00, itemized as follows: Parcel 1, 23.6 acres, $22,750.00; Parcel 2, 9.14 acres, $5,350.00; Parcel 3, .83 acres, $300.00; Parcel 4, 12.79 acres, $9,750.00; Parcel 5, .24 acres, $225.00; Parcel 6, easement 4.02 acres, zero.

The order of condemnation was entered on August 6, 1970 by the probate judge. All of the owners represented by attorneys appealed from the order, both for themselves and for Fay and Julie Golson and the tax collector on the same day, August 6, 1970. On September 2, 1970, the State also appealed from the same order.

On December 17, 1970, the State filed a motion to consolidate the cases relating to each parcel on the issue of just compensation.

On December 29, the condemnees filed a motion to dismiss the appeals and after a hearing, the circuit court, on January 4, 1971, granted the motion to dismiss without assigning any particular ground for so doing.

The State then sought to review the action of the trial court by mandamus. This court held that the State had an adequate remedy at law, vacated the stay of trial previously issued and denied the writ. State v. Cobb, 288 Ala. 675, 264 So.2d 523.

The State then appealed all parcels and each parcel separately, and the cause was submitted here on May 15, 1973.

■ Appellees argue in brief that the motion to dismiss was correct because one or more of the grounds in the motion for a new trial asserted the court's lack of jurisdiction because of failure to notify two of the named owners, Fay Golson and Julie Golson, with citation of appeal. These two people were listed as owning some interest in the six parcels and were served by publication in the probate court and never appeared in any of the proceedings up to the present.

The appeal by the represented condemnees, taken for themselves and in the names of Fay and Julie Golson, vested jurisdiction in the circuit court. We have held that an appeal by one of several owners or holders of an interest in condemned land "effectually removed the entire proceedings relating to the tract in which she was interested to the circuit court, and carried with it the other 14 defendants"; but we also stated that the better practice is "for one party to appeal in the name of all the others alleged to have some interest in the parcel or tract with the party appealing." Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719. The represented owners followed the better practice and Fay and Julie Golson were before the circuit court in a matter of which that court had jurisdiction. Their appeal was followed in a few days by the State's appeal. The circuit court acquired jurisdiction and the grounds contesting jurisdiction were without merit.

■ Appellees argue that the appeal from probate court to circuit court by the State was ineffectual because notice of that appeal was not given to Fay and Julie Golson.

The only help the eminent domain statutes give is in Tit. 19, § 17, which provides that any of the parties may appeal to the circuit court by filing "a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney, * * *." In *Harris*, 267 Ala. 147, 100 So.2d 719 [2], we set out a procedure to be followed to protect several owners of the same tract who did not agree on the question of taking an appeal. This court said:

"The fairer rule seems to be, and we so announce—that one of the claimants to an interest in a tract may appeal in the names of the other claimants interested in that same tract, or, if he appeals in his name only within the prescribed time, the orders and decrees of the probate court are vacated and the appeal transfers the entire proceedings, insofar as that tract is concerned, to the circuit court and notice should be given to all the other interested parties who are shown by the proceedings to be interested along with the appellant. It is permissible for any parties not appealing to voluntarily appear in circuit court after the appeal is taken by one party in his name only, and when so, notice to them would not be necessary. When and if an award is finally made in the circuit court, the distribution or apportionment of the funds among the parties as provided for in Tit. 19, § 26, can be made in circuit court just as well as in probate court.

"The notice should be given by the clerk of the circuit court to such claimants as do not join in the appeal to appear before the circuit court at the time to which the appeal is returnable, and unite in said appeal if he see proper, which notice may be served upon the party, or his attorney of record in the probate court. If any of the parties not joining be nonresidents and not represented by an attorney in the probate court, the clerk may cause notice of such appeal to be sent by registered mail or published for two weeks in some public newspaper, if there be sufficient time therefor; otherwise for one week, citing nonresident to appear before the circuit court and join in the appeal, if he desires to do so; and on proof of publication, the circuit court may proceed as if said party had been served with a notice to join in such appeal; but the circuit

court can, under its existing practice, cause service of notice to be made when service has not been perfected as hereinabove outlined.

"We think this rule is a salutary one, especially when it is related to those circumstances where one of the interested parties is perfectly satisfied with the award in the probate court and refuses to join in an appeal, while another party is very anxious to have his damages passed on by a jury."

It is noteworthy that the notice of appeal is given by the *clerk of the circuit court* and not by the probate court. This was done by design because the clerks of the circuit court are more accustomed to giving these notices, and since only one owner can appeal, the cause is already in the circuit court.

When the motion to dismiss was heard in the instant case, the State repeatedly requested that proper notice be given to Fay and Julie Golson, and the *Harris* case was cited, but instead of giving the notice, the appeals were dismissed. In this, the trial court erred.

At this stage of the proceedings, and up to and until the distribution or apportionment of the funds among the parties under Tit. 19, § 26, there could be no conflict in the interests of the Golsons and any other unknown heir represented by the guardian ad litem. Some grounds of the motion to dismiss raised the point that the record showed no service of appeal on the guardian ad litem. It not only appears to be conceded that the guardian ad litem was served, but he appeared at the hearing in his capacity as guardian ad litem and participated therein. In State v. Cobb, 289 Ala. 385, 267 So.2d 795, this court held that where the guardian ad litem had actual notice of the appeal from probate court to circuit court and appeared in circuit court, that appearance waived any further notice.

Appellees also argue that the cause still should be dismissed because there was no notice of appeal to Fay or Julie Golson as required in Tit. 7, § 804. That section governs appeals to appellate courts from the circuit court. The record shows notice of the appeal to this court was given by publication.

Appellees also argue that the appeals were properly dismissed because the appeal was not taken within thirty days of the order of condemnation in the probate court as provided in Tit. 19, § 17.

The judgment of condemnation in the probate court was August 6, and as already shown, appellees took an appeal that same day and the State also filed an appeal within thirty days.

But appellees argue that, since the State sought a writ of mandamus "as opposed to the proper remedy opened to it by appeal, the Supreme Court's stay order notwithstanding, the State has lost its right to appeal."

Counsel probably meant to cite Tit. 19, § 23, which also allows only thirty days to appeal to this court. The record shows that the petition for writ of mandamus was presented to this court on January 8, 1971, and this court entered an order "staying all trials and further proceedings with respect to Parcels 1, 2, 3, 4, 5, and 6" and that stay was effective until June 29, 1972, when the stay was vacated. The appeal was eleven days later. Our order staying the proceedings was effective and the appeal was taken within thirty days from the removal of the stay.

We have discussed all the argued grounds of the motion to dismiss and the amended motion to dismiss and we hold that the trial court erred in dismissing the appeals.

It follows that the causes are reinstated on the docket and the trial court shall direct such notice of appeal as may be re-

quired to be given to Fay and Julie Golson, and proceed with the trials after the question of consolidation has been determined.

We note that counsel for the appellees did not participate in the proceedings in either probate or circuit court.

Reversed and remanded with directions.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.