ADAMS, Justice.
W.H. Barrett petitions for a writ of man damus from this Court requiring the Circuit Court of Elmore County to dismiss an appeal from the Probate Court of Elmore County for lack-of jurisdiction. We deny the writ.
The facts of this case are as follows:
The State of Alabama filed a condemnation proceeding against W.H. Barrett in the Elmore Probate Court. A final order of condemnation was entered on September 16, 1982, which awarded Barrett $52,237.50 for the taking of approximately six acres of land.
On September 16, 1982, the state filed a notice of appeal in the probate court, and on September 22, 1982, it filed a certified copy of that same notice of appeal with the Elmore Circuit Court. The statutory provi sion for appeals from such orders of con demnation reads as follows:
Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days after the making of the order of condemnation by filing in the court rendering the judg ment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such ap peal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken
Code 1975, § 18-1-20.
The circuit court trial of this case was initially set for February 28, 1983. The case was continued five times. On April 11, 1984, Barrett filed a motion to dismiss on the ground that the circuit court had never acquired jurisdiction, because the state had not perfected its appeal from probate court. Barrett argued that the state had not “sent up” the proceedings from the probate court to the circuit court-as required by Code 1975, § 18 1 20, .<w pra. The hearing on the motion to dismiss was continued.
On April 24, 1984, Barrett himself moved the probate court to have the proceedings from the probate court filed in the circuit court. This motion was granted. On May 2, 1984, a hearing was held on Barrett’s motion to dismiss. The State argued that the probate court proceedings from Barrett’s case were originally “sent up” with the proceedings from a severed companion case which was tried separately in probate court and which was also appealed to circuit court. The circuit court denied Barrett’s motion to dismiss the case for lack of jurisdiction.
There are no cases which directly construe the requirement in Code 1975, § 18-1-20, that “it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken.” We have held, however, that a failure to perfect an appeal as required by § 18-1-20 defeats the jurisdiction of the circuit court to hear the case. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954). Therefore, if the state did not perfect its appeal by fulfilling the requirements of § 18-1-20, then the appeal to circuit court is due to be dismissed.
Section 18-1-20 provides, in summary, that 1) any party may appeal the order of condemnation; 2) the appeal lies in the circuit court; 3) the appeal must be taken within 30 days of the making of the condemnation order; 4) the appeal is taken by filing a written notice of appeal in the court rendering the condemnation order; 5) a copy of the notice of appeal shall be served on the opposite party or his attorney; 6) the trial on appeal shall be de novo; and 7) it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken.
The language of the statute regarding sending up the proceedings from probate court to circuit court is vague. Although it is clear that the prior proceedings are due to be sent to the circuit court before the case is tried, and further, that it is the appealing party’s responsibility to have this *104 done, there is, nevertheless, no language prescribing a time limit or specific manner for having the probate court proceedings sent to the circuit court. What is important is that the proceedings are in front of the circuit court before the trial de novo commences.
In the present case, the Barrett proceedings were sent to the circuit court enclosed in a file with proceedings from a companion case. We are well aware of the fact that condemnation actions are often filed against many tracts of land simultaneously. Although it would be more efficient and thus more desirable on appeal to have the proceedings sent up separately, we can understand why the proceedings were enclosed in the same file. Under the facts of this case, this was not fatal to the circuit court’s jurisdiction. The probate court proceedings are now in front of the circuit court, and there is no prejudice to the petitioner.
For the above reasons, the petition for a writ of mandamus is hereby denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.