Rel: January 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

———————————————

### SC-2024-0230

———————————————

### Elizabeth Holland

### v.

### Jefferson County

### Appeal from Jefferson Circuit Court
### (CV-22-19)

BRYAN, Justice.

Elizabeth Holland appeals from a judgment of the Jefferson Circuit Court ("the circuit court") dismissing Holland's appeal from a condemnation order of the Jefferson Probate Court ("the probate court").

For the reasons explained below, we reverse the circuit court's judgment and remand this cause for further proceedings.

Background

In September 2021, Jefferson County ("the County") commenced a condemnation action against Holland in the probate court, seeking to acquire a portion of Holland's real property ("the property") for the purpose of constructing a public road.[1]  The probate court granted the County's request to condemn the property and appointed commissioners to assess just compensation for the taking of the property.  On November 24, 2021, the probate court entered an order confirming the commissioners' report, condemning the property, and awarding Holland $228,000.  Holland filed in the probate court a notice of appeal to the circuit court on December 14, 2021, seeking to challenge the compensation awarded.  On February 23, 2022, counsel for the County filed a notice of appearance in the circuit court.

On April 22, 2022, the County filed a motion to dismiss Holland's appeal, arguing that the appeal should be dismissed because the County

_____

[1]The County's condemnation complaint named several other parties believed to possess an interest in the property.  This opinion addresses the underlying proceedings only as they relate to Holland.

had not been served with a copy of the notice of appeal. In support of its motion, the County cited § 18-1A-283, Ala. Code 1975, which provides:

> "Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, <u>a copy of which shall be served on the opposite party or his attorney</u>, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."

(Emphasis added.)

The circuit court initially denied the County's motion to dismiss. However, upon the County's motion to reconsider that ruling, the circuit court entered a "Final Judgment and Order" on March 27, 2024, granting the County's motion to dismiss Holland's appeal with prejudice. In its "Summary of Relevant Facts," the circuit court's judgment stated, in relevant part:

> "Counsel for [the] County contacted a [p]robate [c]ourt employee on December 27, 2021, to inquire about an entry in the [p]robate [c]ourt's docket summary that an appeal had been taken[,] but [the] County had not been served with notice or otherwise been made aware of any appeal. A [p]robate [c]ourt employee emailed a copy of the [n]otice of [a]ppeal to counsel for [the] County on December 27, 2021."

In its "Legal Analysis and Findings," the circuit court's judgment reasoned as follows:

3

"The appeal at issue must be perfected pursuant to the time and manner prescribed in the controlling statute. Section 18-1A-283 prescribes 1) that the notice of appeal must be filed with the probate court within [30] days of the making of the order of condemnation and 2) that the copy of the notice of appeal shall be served on the opposite party or its attorney. Both actions are required to perfect an appeal and to imbue this Court with jurisdiction. While … Holland timely filed her [n]otice of [a]ppeal with the [p]robate [c]ourt …, it is undisputed that … Holland did not serve nor attempt to serve [the] County or its attorney with a copy of the [n]otice of [a]ppeal[,] as required by § 18-1A-283[,] to perfect her appeal to this Court. … Holland's non-compliance with the mandatory and jurisdictional requirements of § 18-1A-283 is fatal to this Court's jurisdiction.

"The Court rejects … Holland's argument that only the timely filing of her [n]otice of [a]ppeal is relevant and that actual service of the [n]otice of [a]ppeal on [the] County is unnecessary. The jurisdictional prerequisite that an appellant shall serve a copy of the notice of appeal on the opposite party or its attorney cannot be disregarded or treated as irrelevant or unnecessary[,] as such would be incongruent with established Alabama Supreme Court precedent, i.e., the presumption that every word, sentence, or provision [of a statute] was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used. Richardson [v. Stanford Props., LLC], 897 So. 2d [1052,] 1058 [(Ala. 2004)](quotations and citations omitted). To hold that actual service of the [n]otice of [a]ppeal on [the] County by … Holland was unnecessary to perfect … Holland's appeal in the manner expressly required and mandated by § 18-1A-283 would render that provision of the controlling statute irrelevant, of no force and effect, and entirely superfluous.

"For the reasons outlined above, … Holland's argument that[,] despite her failure to serve [the] County as required,

4

[the] County's receipt of a copy of the [n]otice of [a]ppeal cured any statutory non-compliance also fails. … Holland made the decision to appeal the [p]robate [c]ourt's order, and it was … Holland's statutory obligation to perfect her appeal in the manner prescribed by § 18-1A-283. The controlling statute required that … Holland serve [the] County with a copy of the [n]otice of [a]ppeal, which she admittedly did not do. [The] County's request to the [p]robate [c]ourt, a request made necessary because … Holland failed to serve [the] County with a copy of the [n]otice of [a]ppeal as statutorily required, does not obviate … Holland's statutory obligation to perfect her appeal in the time and manner prescribed by Alabama law. The Court finds that the failure to serve [the] County or its counsel of record with a copy of the [n]otice of [a]ppeal deprived this Court of jurisdiction to hear this appeal."

The circuit court concluded that it lacked subject-matter jurisdiction over Holland's appeal and that the appeal was, therefore, due to be dismissed. Holland appealed to this Court.

<u>Analysis</u>

On appeal, Holland argues, in summary:

"Although there are numerous cases from the appellate courts of this state [that] deny subject[-]matter jurisdiction where the notice of appeal is filed outside of 30 days of the entry of the final judgment in probate court, the [circuit] court gave no case authority, nor is there any such authority[, holding] that service of the notice of appeal must occur within [30] days the notice of appeal filing. Holland served [the] County an amended notice of appeal by hand delivery on September 7[], 2022."

5

Holland's brief at 8-9. Holland's basic position is correct. In fact, this Court has explicitly held that the failure to serve a notice of appeal from a probate court's condemnation order on the opposing party does not warrant a dismissal of the appeal if counsel for the opposing party has actual notice of the appeal and has appeared in the circuit-court proceeding.

In State v. Fay, 291 Ala. 144, 279 So. 2d 126 (1973), a probate court entered a condemnation order regarding several parcels of land, in which multiple persons possessed an interest. The addresses of two of the interested persons -- Fay Golson and Julie Golson -- were unknown. Additionally, a guardian ad litem was appointed to represent the interests of unknown parties who may have possessed an interest in the real property at issue. After the entry of the probate court's condemnation order, "[a]ll of the owners represented by attorneys appealed from the order, both for themselves and for Fay and Julie Golson …. [T]he State also appealed from the same order." 291 Ala. at 146, 279 So. 2d at 127. In the circuit court, "the condemnees filed a motion to dismiss the appeals and after a hearing, the circuit court …

6

granted the motion to dismiss without assigning any particular ground for so doing." Id. The State appealed to this Court.

On appeal, this Court analyzed the appellees' arguments as follows:

"Appellees argue that the appeal from probate court to circuit court by the State was ineffectual because notice of that appeal was not given to Fay and Julie Golson.

"The only help the eminent domain statutes give is in Tit. 19, § 17[, Ala. Code 1940 (Recomp. 1958), a predecessor statute to § 18-1A-283], which provides that any of the parties may appeal to the circuit court by filing 'a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney, ....' In Harris [v. Mobile Housing Board], 267 Ala. 147, 100 So. 2d 719 [(1958)], we set out a procedure to be followed to protect several owners of the same tract who did not agree on the question of taking an appeal. …

"'….'

"It is noteworthy that[, under Harris,] the notice of appeal is given by the Clerk of the circuit court and not by the probate court. This was done by design because the clerks of the circuit court are more accustomed to giving these notices, and since only one owner can appeal, the cause is already in the circuit court.

"When the motion to dismiss was heard in the instant case, the State repeatedly requested that proper notice be given to Fay and Julie Golson, and the Harris case was cited, but instead of giving the notice, the appeals were dismissed. In this, the trial court erred.

"At this stage of the proceedings, and up to and until the distribution or apportionment of the funds among the parties under Tit. 19, § 26, [Ala. Code 1940 (Recomp. 1958),] there

7

> could be no conflict in the interests of the Golsons and any other unknown heir represented by the guardian ad litem. Some grounds of the motion to dismiss raised the point that the record showed no service of appeal on the guardian ad litem. It not only appears to be conceded that the guardian ad litem was served, but he appeared at the hearing in his capacity as guardian ad litem and participated therein. In <u>State v. Cobb</u>, 289 Ala. 385, 267 So. 2d 795 [(1972)], <u>this court held that where the guardian ad litem had actual notice of the appeal from probate court to circuit court and appeared in circuit court, that appearance waived any further notice</u>."

<u>Fay</u>, 291 Ala. at 147-48, 279 So. 2d at 128-29 (second emphasis added).

In <u>State v. Cobb</u>, 289 Ala. 385, 267 So. 2d 795 (1972), the State appealed from a probate court's condemnation order to a circuit court. Thereafter, the circuit court entered an order appointing a guardian ad litem to represent any unknown parties who may have possessed an interest in the real property at issue. When the case was called for trial in the circuit court, the guardian ad litem

> "moved the court to dismiss the appeal on the ground that no notice of the appeal was served upon him, in his capacity as guardian ad litem. There was a stipulation in open court that '… neither the Probate Judge, nor the Circuit Clerk, issued a notice to [the guardian ad litem] for these unknown … people … that he represents in the proceeding.'
>
> "Thereafter the [circuit] court granted the motion and dismissed the appeal."

8

289 Ala. at 387, 267 So. 2d at 796. In relevant part, the Cobb Court reasoned as follows:

"In Newton v. Alabama Midland Ry. Co., 99 Ala. 468, 13 So. 259 [(1893)], the railroad instituted proceedings in the Probate Court to condemn a right-of-way over the lands of Mrs. Newton. The railroad appealed to the Circuit Court from an order in the Probate Court dismissing the application. The same counsel that had represented Mrs. Newton in the Probate Court appeared and represented her in the Circuit Court. Following the order of condemnation in the Circuit Court, Mrs. Newton moved to set aside the order, claiming that no notice of appeal from the Probate to the Circuit Court was served on her, and that she never authorized anyone to accept service on her behalf. The Supreme Court affirmed the order of the Circuit Court, refusing to set aside the order of condemnation and stated, in language here controlling:

"'It is immaterial whether notice of the appeal was served on Mrs. Newton or her counsel or not, since the record shows she duly appeared in the cause in the appellate court by her attorneys. The purpose of notice to a party is to bring him into court. If he voluntarily appears, notice is unnecessary. The fact of such appearance, when it is shown by the record, cannot be disputed on motion to set aside the judgment. The record is conclusive in such a case.'

"In Cosby v. Moore, 259 Ala. 41, 65 So. 2d 178 [(1953)], the appellant instituted a contest against the appellee on his election as Mayor of Opp. From a judgment dismissing the proceeding, Cosby appealed. The judgment in the trial court was against the sureties on the instrument securing costs. We held that the appearance of the sureties and their adoption of the assignments of error satisfied and waived any notice as required in § 804, Title 7, [Ala.] Code [(1940)].

"Other decisions of this court have held that a voluntary appearance by a party upon whom no notice of appeal was served constitutes a waiver of such notice. Parker v. Downing, 268 Ala. 616, 109 So. 2d 130 [(1959)]; Lane v. Henderson, 232 Ala. 122, 167 So. 270 [(1936)].

"We hold that the guardian ad litem had actual notice of appeal from the Probate Court to the Circuit Court and that the appearance by the guardian ad litem in the Circuit Court waived any further notice."

289 Ala. at 387-88, 267 So. 2d at 797 (emphasis added).

In this case, Holland filed in the probate court a notice of appeal from the probate court's November 24, 2021, condemnation order to the circuit court on December 14, 2021. A listing of the probate court's docket entries included in the record contains a December 14, 2021, entry stating: "NOTICE OF APPEAL." (Capitalization in original.) A December 17, 2021, entry states: "EMAIL SENT TO [counsel for the County] REGARDING SERVICE OF COURT DOCUMENT -- 21BHM002252, IN MATTER OF CONDEMNATION: JEFFERSON COUNTY VS ELIZABETH H HOLLAND WITH 1 ATTACHMENTS FROM DOCKETS RECEIPT -- 12/17/2021." (Capitalization in original.)

On December 27, 2021, counsel for the County sent an email to a probate-court employee, stating:

"I was reviewing the docket on Benchmark today and noticed two entries of which I do not have any record. There appears to have been a notice of appeal filed on 12/14/2021. Do your notes reflect who filed the appeal because I have not received a service copy or notice from any of the other parties of an appeal being taken[?] Also, there is an entry dated 12/17/2021 stating[:] '[E]mail sent to [counsel for the County] regarding service of court document.' I've checked my emails and do not see anything from [the p]robate [court] on this date. Do you know what this correspondence pertained to?"

It appears that, one minute later, the probate-court employee sent counsel for the County an email with an attachment entitled: "Notice_of_Appeal.PDF." Thirty minutes later, the probate-court employee sent a second email to counsel for the County, stating: "The email notice on the system is when I emailed you the order." Counsel for the County replied: "Okay. Thanks."

The probate court's list of docket entries includes a December 27, 2021, entry stating: "EMAIL SENT TO [counsel for the County] REGARDING SERVICE OF COURT DOCUMENT -- 21BHM002252, IN MATTER OF CONDEMNATION: JEFFERSON COUNTY VS ELIZABETH H HOLLAND WITH 1 ATTACHMENTS FROM DOCKETS NOTICE OF APPEAL -- 12/14/2021." (Capitalization in original.) On appeal, the County states: "In response to [the] County's inquiry about the notice of appeal, the [p]robate [c]ourt … employee emailed a copy of

11

Holland's [n]otice of [a]ppeal to [the] County's counsel of record." The County's brief at 7.

Counsel for the County filed a notice of appearance in the circuit court on February 23, 2022. On March 25, 2022, the County filed a notice in the circuit court indicating that it had served interrogatories and a request for production of documents on Holland. The County filed its motion to dismiss Holland's appeal on April 22, 2022.

Under the holdings of Fay and Cobb, the circuit court clearly erred by dismissing Holland's appeal on the basis that the County had not been served with a copy of Holland's notice of appeal because the record demonstrates that counsel for the County had actual notice of the appeal and voluntarily appeared in the circuit court to represent the County's interests regarding the appeal, including seeking discovery. Under such circumstances, any further notice of Holland's appeal was waived by the County.

On appeal, the County relies on the language of § 18-1A-283, which, as already noted, provides:

> "Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of

appeal, <u>a copy of which shall be served on the opposite party or his attorney</u>, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."

(Emphasis added.)

The County argues that the plain meaning of § 18-1A-283

"demands that an appealing litigant must perform two prerequisites: 1) the notice of appeal must be filed with the probate court within [30] days of the making of the order of condemnation, and 2) the appealing party shall serve the notice of appeal it filed on the opposite party or its attorney."

The County's brief at 10. The County asserts: "Both actions are required to perfect an appeal pursuant to § 18-1A-283. Both actions are required to imbue the circuit court with subject[-]matter jurisdiction to hear an appeal taken pursuant to § 18-1A-283." The County's brief at 14. As indicated from the excerpt quoted above, the County's argument in this regard echoes the reasoning set forth in the circuit court's judgment.

The County is correct in stating that, when addressing former § 18-1-20, Ala. Code 1975, the substantially similar predecessor statute to § 18-1A-283, "[w]e have held … that a failure to perfect an appeal as required by [the statute] defeats the jurisdiction of the circuit court to hear the case." <u>Ex parte Barrett</u>, 474 So. 2d 102, 103 (Ala. 1985). However, when considering the requirement of the statute that certain

13

of the probate court's proceedings be "sen[t] up" to the circuit court, this Court has reasoned as follows:

> "The language of the statute regarding sending up the proceedings from probate court to circuit court is vague. Although it is clear that the prior proceedings are due to be sent to the circuit court before the case is tried, and further, that it is the appealing party's responsibility to have this done, there is, nevertheless, no language prescribing a time limit or specific manner for having the probate court proceedings sent to the circuit court. What is important is that the proceedings are in front of the circuit court before the trial de novo commences."

Ex parte Barrett, 474 So. 2d at 103-04.

As with the requirement that the probate court's proceedings be "sen[t] up" to the circuit court, the plain language of § 18-1A-283 does not prescribe a time limit for serving the requisite notice of appeal on the opposing party. Fay and Cobb indicate that what is important for the purposes of § 18-1A-283 relevant here is that the notice of appeal brings the opposing party into the circuit court, and, in the absence of formal service of a copy of the notice of appeal, actual notice of the appeal and an appearance by the opposing party in the circuit court is sufficient to satisfy the requirements of § 18-1A-283.

As Holland notes, the cases characterizing the requirements of § 18-1A-283 and its predecessor statutes as jurisdictional have not held

that the requirement that the opposing party be served with a copy of the notice of appeal is necessary to invest the circuit court with subject-matter jurisdiction over the appeal. See Ex parte Alabama Power Co., 262 So. 3d 1172, 1177 (Ala. 2018)("Here, § 18-1A-283 provided the property owners with 30 days, or until Monday, July 10, 2017, to appeal the June 8 order of condemnation. See Rule 6(a), Ala. R. Civ. P. In fact, they filed a notice of appeal on June 15, unquestionably within that period. … [T]hat notice of appeal 'arguably included a reference to the wrong order'; however, we note that it was nevertheless a 'written notice of appeal' invoking § 18-1A-283 that was properly filed in the probate court after the June 8 order of condemnation. Thus, this is not a case presenting a clear jurisdictional problem such as a missed deadline …." (footnote omitted)); Boutwell v. State, 988 So. 2d 1015, 1027 (Ala. 2007)("[A]lthough we do not agree with the Court of Civil Appeals that [the] appeal [from the probate court's condemnation order to the circuit court] was timely, we nonetheless affirm the decision of the Court of Civil Appeals [reversing the circuit court's judgment dismissing the appeal] based on the equitable principles found in Ex parte Tanner[, 553 So. 2d 598 (Ala. 1989),] and Sparks [v. Alabama Power Co., 679 So. 2d 678 (Ala.

1996)] …."); Ex parte City of Irondale, 686 So. 2d 1127, 1129 (Ala. 1996)("The circuit court has no jurisdiction to entertain this untimely filed appeal [from the probate court's condemnation order]."); Ex parte Palughi, 494 So. 2d 404, 407 (Ala. 1986)("[Former § 18-1-20, the predecessor statute to § 18-1A-283,] specifically sets out the time within which a probate court's condemnation order may be appealed to the circuit court. This thirty-day limitation is jurisdictional …."); Ex parte Barrett, supra; Fay, supra; State v. Disker, 271 Ala. 336, 337-38, 123 So. 2d 145, 146 (1960)("Under § 17, Title 19, Code of 1940, [a predecessor statute to § 18-1A-283,] an appeal from the probate court to the circuit court must be taken within thirty days from the order of condemnation. It is argued that the appeal from the probate court to the circuit court, even if premature, was waived in the circuit court. We cannot agree with this contention. In two recent cases this court has held that the premature taking of such an appeal is not a defect in the procedure but is a jurisdictional defect."); State v. King, 271 Ala. 16, 17, 122 So. 2d 158, 159 (1960)("The state filed a special appearance in the circuit court of St. Clair County, to which the purported appeal was taken, and moved for dismissal of said appeal on the ground, among others, that the appeal

'was premature', being filed before any order of condemnation was entered in the probate court, and that the circuit court was 'without jurisdiction' to try the case since no appeal had been perfected from the order of condemnation entered on December 5, 1958. … The state's first insistence, which is determinative of this appeal, is that the circuit court was without jurisdiction to entertain the appeal and, hence, the state's motion to dismiss should have been granted. … [W]e must hold that the circuit court did not acquire jurisdiction in the case before us."); Harris v. Mobile Hous. Bd., 267 Ala. 147, 149, 100 So. 2d 719, 720 (1958); Stanton v. Monroe Cnty., 261 Ala. 61, 63, 72 So. 2d 854, 856 (1954)("We are of the opinion that appellant's failure to perfect his appeal as required by Tit. 19, § 17, [Ala. Code 1940, a predecessor statute to § 18-1A-283,] went to the jurisdiction of the circuit court. Appellant's motion to amend [his premature notice of appeal], filed subsequent to the thirty days allowed by said statute, was correctly denied by the circuit judge. In short, no error was committed in the dismissal of the petitioner's appeal."); Johnson v. Barnes, 250 Ala. 292, 292, 34 So. 2d 144, 145 (1948)("There is no existing statutory authority for a direct appeal to this Court from an order of the probate court granting or refusing an application to condemn

17

lands. The appeal is to the circuit court."); Ex parte Montgomery Light & Traction Co., 187 Ala. 376, 379-80, 65 So. 403, 404 (1914)("While the order in question was appealable to the city or circuit court, and [§ 3875, Ala. Code 1907, a predecessor statute to § 18-1A-283,] provides that the trial shall be de novo, yet it is essential to the jurisdiction of the city court that the petitioner makes out a case under the statute entitling him to a condemnation in the event the petition can be proved."); Worrell v. Shell, 68 So. 3d 862, 868 (Ala. Civ. App. 2011)("We disagree with [the appellant's] argument that [Boutwell v. State, 988 So. 2d 1015 (Ala. 2007),] mandates that the doctrine of equitable estoppel should be applied in the case now before us so as to extend the period for her to file her notice of appeal …."); Pace v. Utilities Bd. of City of Foley, 752 So. 2d 510, 511 (Ala. Civ. App. 1999)("We conclude that a notice of appeal filed in the circuit court within the 30-day period will not suffice to perfect an appeal pursuant § 18-1A-283. Further, we note that the notice of appeal filed in the probate court on July 15, 1998, came too late to perfect an appeal pursuant to § 18-1A-283. The failure to comply with § 18-1A-283 left the circuit court without jurisdiction to entertain an appeal from the probate court's judgment of condemnation …."); Ex parte Alabama Power

18

<u>Co.</u>, 435 So. 2d 111, 113 (Ala. Civ. App. 1983)("In this type case, an appeal must be taken 'within 30 days after the making of the order of condemnation', as is provided by section 18-1-20 of the 1975 Code of Alabama, [the predecessor statute to § 18-1A-283,] in order for the circuit court to acquire jurisdiction."); <u>Housing Auth. of City of Decatur v. McRae</u>, 421 So. 2d 133, 136 (Ala. Civ. App. 1982)("Since appellees failed to file their appeal within the statutory period, both the probate court and the circuit court lack any further jurisdiction over the matter."); and <u>McCoy v. Garren</u>, 384 So. 2d 1113, 1115 (Ala. Civ. App. 1980)("[The] defendants' notice of appeal, which was filed on November 8, 1978, was filed before the order of condemnation from which an appeal could be taken. The result is a premature taking of the appeal. Defendants' failure to perfect their appeal in accordance with § 18-1-20[, the predecessor statute to § 18-1A-283,] deprives the circuit court of jurisdiction to hear the appeal.").

As noted above, the circuit court's judgment in this case determined that it lacked <u>subject-matter</u> jurisdiction over Holland's appeal; for the reasons explained above, that conclusion was erroneous. However, to the extent that the circuit court's judgment could be construed as concluding

19

that service of Holland's notice of appeal on the County was necessary for the circuit court to acquire <u>personal</u> jurisdiction over the County, we note that

> "under certain circumstances <u>the lack of personal jurisdiction is subject to waiver</u>, i.e., 'defects in personal jurisdiction ... can be waived,' which distinguishes personal jurisdiction from subject-matter jurisdiction, which '"may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu."' <u>J.T. v. A.C.</u>, 892 So. 2d 928, 931 (Ala. Civ. App. 2004)(quoting <u>C.J.L. v. M.W.B.</u>, 868 So. 2d 451, 453 (Ala. Civ. App. 2003)). See also <u>Kingvision Pay-Per-View, Ltd. v. Ayers</u>, 886 So. 2d 45 (Ala. 2003)(<u>holding that insufficient service of process may be waived</u>); <u>Hall v. Hall</u>, 122 So. 3d 185, 190 (Ala. Civ. App. 2013)('"<u>A defense alleging a lack of personal jurisdiction because of insufficiency of service of process, however, can be waived if the defendant submits himself or herself to the jurisdiction of the trial court</u>."' (quoting <u>Klaeser v. Milton</u>, 47 So. 3d 817, 820 (Ala. Civ. App. 2010))); and Rule 12(h)(1), Ala. R. Civ. P. ('A defense of lack of jurisdiction over the person ... is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof ....')."

<u>Campbell v. Taylor</u>, 159 So. 3d 4, 11 (Ala. 2014)(emphasis added).

Conclusion

The notice-of-appeal service requirement of § 18-1A-283 does not implicate a circuit court's subject-matter jurisdiction over an appeal from a probate court's condemnation order. This Court's holdings in <u>Fay</u> and <u>Cobb</u> illustrate the circumstances under which an opposing party is

regarded as having waived service of a notice of appeal filed pursuant to § 18-1A-283. Those circumstances are met in this case. Therefore, we conclude that the County waived service of Holland's notice of appeal, and, to the extent that the circuit court's judgment dismissing the appeal could be construed as concluding that the circuit court had not acquired personal jurisdiction over the County, we likewise conclude that the County has waived any defect in the circuit court's personal jurisdiction over it. Consequently, the circuit court's judgment of dismissal is due to be reversed, and we remand this cause for further proceedings.

REVERSED AND REMANDED.

Parker, C.J., and Shaw, Mendheim, and Mitchell, JJ., concur.