Charles L. McCoy and wife, Marlene Walker McCoy, defendants below, appeal from an order of the circuit court dismissing their appeal from a probate court condemnation order. We affirm.
John David Garren and wife, Barbara Ann Garren, plaintiffs below, filed an application for condemnation of certain lands allegedly owned by defendants for a private right-of-way in the Probate Court of Blount County on February 7, 1978. After a hearing the probate court granted plaintiffs' petition for condemnation on September 22, 1978. On October 20, 1978 the probate court appointed three commissioners to assess the damages and compensation due defendants for the lands taken from them. The commissioners' first report was rejected by the probate court, but their second report was filed in and accepted by the probate court on October 28, 1978.
On November 8, 1978 defendants filed notice of appeal to the Circuit Court of Blount County. However, the probate court did not issue its order of condemnation based on the commissioners' report until November 27, 1978.
On January 8, 1980 plaintiffs filed a motion in the circuit court asking that defendants' appeal be dismissed. On February 1, 1980 the circuit court dismissed the appeal on the ground that it had been prematurely filed in that court. On February 5, 1980 defendants asked for relief from judgment or, in the alternative, a reconsideration of its order. The circuit court denied the motion on March 11, 1980 on the ground that the appeal had not been perfected according to law and the court therefore was without jurisdiction to consider the merits of the appeal.
The dispositive issue is whether the circuit court properly dismissed defendants' appeal from the probate court.
Section 18-1-11, Code of Alabama 1975, provides:
 On the day appointed, or any other day to which the hearing may be continued, the court must hear the allegations of the application, any objections which may be filed to the granting thereof and any legal evidence touching the same and shall make an order granting or refusing the application.
Section 18-1-19, Code of Alabama 1975, provides in pertinent part:
 The commissioners must, within 20 days from their appointment, make a report in writing to the court stating the amount of damages and compensation ascertained and assessed by them . . . and thereupon the court must order the same to be recorded and must make orders of condemnation in pursuance thereof. . ..
Section 18-1-20, Code of Alabama 1975, provides in pertinent part:
 Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days after the making of the order of condemnation by filing in the court rendering the judgment a written notice of appeal. . . .
Defendants argue that the September 22, 1978 probate court order was the proper order to trigger the running of the statutory period for taking an appeal to the circuit court. The plaintiffs counter by saying the November 27, 1978 order was the proper order from which to appeal to the circuit court, not the September 22, 1978 order.
Appeals are of statutory origin, and, unless so provided, no appeal will lie. Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144
(1948). No appeal from the preliminary order of condemnation is provided for in § 18-1-11. Although at one time this section of the Code did permit appeals from the preliminary order of condemnation, the Code section no longer permits such an appeal. Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920
(1954).
Section 18-1-20, Code of Alabama 1975 is the only provision in the Code authorizing appeals from condemnation orders entered by probate courts. State v. Pettis, 275 Ala. 450,156 So.2d 137 (1963). Therefore, the probate court order of November 27, 1978, not the September 22, 1978 order, *Page 1115 
was the order that triggered the running of the thirty day appeal period for appeals to the circuit court. Consequently defendants' notice of appeal, which was filed on November 8, 1978, was filed before the order of condemnation from which an appeal could be taken. The result is a premature taking of the appeal.
Defendants' failure to perfect their appeal in accordance with § 18-1-20 deprives the circuit court of jurisdiction to hear the appeal. Stanton v. Monroe County, 261 Ala. 61,72 So.2d 854 (1954). Not having jurisdiction to hear defendants' appeal, the circuit court properly dismissed it. State v. King,271 Ala. 16, 122 So.2d 158 (1960). The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.