INGRAM, Justice.
Courtney Kendrick and Terrance Kendrick sued Etora Crocker in the Jefferson Circuit Court, claiming that they were injured when an automobile driven by Crocker collided with their automobile. The action was transferred to the Jefferson District Court on the grounds that the amount in controversy was below the $1,500 jurisdictional minimum for actions in the circuit court. The Kendricks request that we issue a writ of mandamus directing the district judge to transfer their action back to the Jefferson Circuit Court.
A writ of mandamus is a drastic and extraordinary remedy. Ex parte J.E.W., 608 So.2d 728, 729 (Ala.1992) (citing Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990)). A writ should not issue to a trial court without a clear showing of abuse by that court. 608 So.2d at 729 (citing Ex parte Jones, 447 So.2d 709 (Ala.1984)); Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala.1984).
The district courts have exclusive jurisdiction over civil actions in which the amount in controversy, excluding costs and interest, does not exceed $1500. Ala.Code 1975, § 12-12-31. The circuit courts have concurrent jurisdiction with the district courts over legal actions in which the amount in controversy exceeds $1500, but is less than $5000, exclusive of costs and interest. Ala. Code 1975, § 12-11-30.
In her motion to transfer this case to the district court, Crocker contended that the only losses incurred by the Kendricks were $298.50 in medical expenses incurred by Courtney Kendrick. The Kendricks did not respond to this motion, and the case was transferred to the Jefferson District Court. Although the Kendricks subsequently filed in the circuit court a motion objecting to the transfer, claiming that Courtney Kendrick had incurred approximately $1000 in medical expenses, they produced no evidence to support this allegation. There was no evidence produced in either the district court or the circuit court as to medical expenses incurred by Terrance Kendrick. The complaint, as presently written, does not state a claim based on property damage.
The Kendricks have not made a “clear showing” that the district court erred in not transferring their action back to the circuit court. The writ is denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ„ concur.