686 So.2d 1127 (1996)
Ex parte CITY OF IRONDALE.
Re Morris E. SCHIFFMAN and Eleanor R. Schiffman
v.
CITY OF IRONDALE, et al.
1950897.
Supreme Court of Alabama.
July 26, 1996.
Rehearing Denied November 22, 1996.
*1128 M. Wayne Wheeler, Birmingham, for Petitioner.
Stan Brobston, Bessemer, for Respondents.
SHORES, Justice.
The City of Irondale ("City") petitions this Court to issue a writ of mandamus directing a judge of the Jefferson County Circuit Court to dismiss an appeal brought by Eleanor R. Schiffman and Morris E. Schiffman. The City argues that the Schiffmans failed to file a timely appeal of the probate court's ruling on the condemnation of the Schiffmans' property; accordingly, the City states, the circuit court has no jurisdiction over the matter and the appeal must be dismissed. This Court concludes that the writ directing the circuit judge to dismiss the case is due to be issued.[1]
The City petitioned for condemnation and included as defendants, along with Mrs. Schiffman, AmSouth Bank, N.A.; Alabama Power Company; O.Z. Hall, tax collector for Jefferson County; and "all of the heirs and devisees of the individual defendants if deceased"; "All unknown claimants of the property hereinafter described who may have any right, title, or interest, in the parcel described herein, whose names, ages and conditions are unknown at this time and will be added by amendment when ascertained." A guardian ad litem was appointed to represent unknown heirs, devisees, and claimants. During the pendency of this proceeding, Mrs. Schiffman conveyed to her husband, Morris Schiffman, an interest in the property that has been the subject of this litigation. The Schiffmans did not inform the probate court of this transfer.
On January 20, 1995, the probate court ordered that the property be condemned and awarded to the City. On February 15, 1995, the City filed a motion to amend the order to condemn Morris Schiffman's interest in the property as well. On February 17, 1995, Mrs. Schiffman filed a notice of appeal to the Circuit Court of Jefferson County; she filed it both in the Jefferson Circuit Court and in the Jefferson Probate Court, as required by § 18-1A-283, Ala.Code 1975. The probate judge on August 21, 1995, entered an amended order of condemnation on, that stated that "while the original condemnation was pending in the Probate Court, Eleanor R. Schiffman did record in the Probate Court a deed in Real Volume 9414, Page 5513 to herself and to her husband, Morris E. Schiffman, Sr." The amended order condemned Morris E. Schiffman's interest, in accordance with the original condemnation order dated January 20, 1995.
Although the Schiffmans' notice of appeal from the order dated August 21, 1995, was dated September 11, 1995, the Schiffmans failed to file this notice in the probate court until September 28, 1995. The City moved that the circuit court dismiss the Schiffmans' appeal on jurisdictional grounds; the circuit court denied this motion. Accordingly, the City has petitioned this Court to issue a writ of mandamus requiring the circuit judge to dismiss the Schiffmans' appeal.
Mandamus is an extraordinary remedy. One petitioning for the writ of mandamus must show "(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). This Court is aware that "a writ of mandamus is a drastic and extraordinary remedy." Ex parte Kendrick, 642 So.2d 466 (Ala.1994). Indeed, "a writ should not issue *1129 to a trial court without a clear showing of abuse by that court." Id. at 467.
The Schiffmans refer this Court to Alabama Rule of Appellate Procedure 4(a)(5):
"A notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions."
The Schiffmans argue that this rule applies to an appeal taken from the probate court to the circuit court in a condemnation case. This argument fails to recognize that Chapter 1A, Title 18, Ala.Code, 1975, controls the procedure for petitioning to condemn property interests and, specifically, that § 18-1A-283, Ala.Code 1975, controls the filing of an appeal from a judgment of the probate court; that section provides:
"Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."
This section is the only provision for appeals from probate court orders of condemnation; that fact necessarily excludes the application of the general law on the subject of appeals from the probate court to the circuit court. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954); State ex rel. Wood v. Williams, 125 Ala. 115, 28 So. 401 (1900).
The Schiffmans also argue that the City relied on Rule 59, Ala.R.Civ.P., to move to amend the judgment and that they, therefore, should be able to rely on Rule 4(a)(5), Ala.R.App.P. This argument is unpersuasive. First, the Schiffmans made no objection to the City's reliance on the Alabama Rules of Civil Procedure in the probate court. Second, no appeal had been taken to the circuit court when the motion to amend the condemnation order was filed on February 15, 1995.
The City argues that McCoy v. Garren, 384 So.2d 1113 (Ala.Civ.App.1980), is controlling. In McCoy, the defendants attempted to appeal to the circuit court from the probate court's preliminary order of condemnation. The probate court entered its final order after the defendants had filed their notice of appeal. The circuit court ultimately dismissed the appeal. The Court of Civil Appeals affirmed the dismissal, holding that the final order, dated November 27, 1978, triggered the running of the 30-day period allowed for an appeal, and, therefore, that the notice of appeal dated November 8, 1978, was premature. Id. at 1114-15.
This case is different, because a final order condemning Eleanor Schiffman's interest in the land had been entered before Mrs. Schiffman filed her notice of appeal. Nonetheless, McCoy supports the City's position:
"Appeals are of statutory origin, and, unless so provided, no appeal will lie. Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144 (1948)....
"Section 18-1-20 [now § 18-1A-283], Code of Alabama 1975 is the only provision in the Code authorizing appeals from condemnation orders entered by probate courts. State v. Pettis, 275 Ala. 450, 156 So.2d 137 (1963)....
"Defendants' failure to perfect their appeal in accordance with § 18-1-20 [now § 18-1A-283] deprives the circuit court of jurisdiction to hear the appeal. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954)."
McCoy, at 1114-15. The Schiffmans should have filed a notice of appeal pursuant to § 18-1A-283 after the final order of August 21, 1995. No provision in the Probate Code makes a notice of appeal from a previous order effective as to a subsequent, corrected final order.
The circuit court has no jurisdiction to entertain this untimely filed appeal. We issue *1130 the writ and direct the circuit judge to dismiss the Schiffmans' appeal.
WRIT ISSUED.
HOOPER, C.J., and MADDOX and KENNEDY, JJ., concur.
COOK, J., concurs specially.
COOK, Justice (concurring specially).
This case presents a quagmire not previously addressed. The Schiffmans filed their notice of appeal on February 17, 1995, after the probate court had ordered on January 20, 1995, that the property be condemned and awarded to the city. An amended order of condemnation was entered by the probate court on August 21, 1995, pursuant to a motion to amend filed by the City on February 15, 1995. Thereafter, the Schiffmans refiled their notice of appeal; it was dated September 11, 1995, but was not filed in the probate court until September 28, 1995, more than 30 days after the final amended order of August 21, 1995. If the post-trial motion to amend the January 20, 1995, order of the probate court had not been filed, there would be no question that the appeal filed by the Schiffmans would have been timely.
The Schiffmans contend in this court that Rule 4(a)(5), Ala.R.App.P. (set out in the majority opinion), provides them relief, by holding in abeyance their February 17, 1995, notice of appeal until the probate court issued its amended final order, at which time the notice of appeal became effective. This rule does provide that sort of relief in an appeal to an appellate court; however, I an not persuaded that this appellate rule applies to the situation presented by this case, a condemnation appeal from the probate court to the circuit court. Rule 1, Ala.R.App.P., provides in pertinent part, "These rules govern appeals to the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which these courts or judges thereof are empowered to grant."
I refer to the set of circumstances as a quagmire, because this case is also unlike McCoy v. Garren, 384 So.2d 1113 (Ala.Civ. App.1980). In McCoy the final order was entered after the defendants had filed their notice of appeal. No post-trial motion was involved in McCoy. Therefore, I agree with the majority that the appeal in this case is controlled by § 18-1A-283, Ala.Code 1975, which requires that the notice of appeal be filed within 30 days of the order of condemnationunder the facts of this case, that order was the final amended order entered on August 21, 1995.
NOTES
[1] This Court has considered another case involving the same property and several of the same parties. In Schiffman v. City of Irondale, 669 So.2d 136 (Ala.1995), Mrs. Schiffman appealed the trial court's summary judgment in favor of the City of Irondale in her action seeking damages for trespass, inverse condemnation, and interference with the use and enjoyment of her property, as well as injunctive and declaratory relief. This Court held that it had no jurisdiction to consider the merits of her appeal because it was not timely filed.