This case presents a quagmire not previously addressed. The Schiffmans filed their notice of appeal on February 17, 1995, after the probate court had ordered on January 20, 1995, that the property be condemned and awarded to the city. An amended order of condemnation was entered by the probate court on August 21, 1995, pursuant to a motion to amend filed by the City on February 15, 1995. Thereafter, the Schiffmans refiled their notice of appeal; it was dated September 11, 1995, but was not filed in the probate court until September 28, 1995, more than 30 days after the final amended order of August 21, 1995. If the post-trial motion to amend the January 20, 1995, order of the probate court had not been filed, there would be no question that the appeal filed by the Schiffmans would have been timely.
The Schiffmans contend in this court that Rule 4(a)(5), Ala. R. App. P. (set out in the majority opinion), provides them relief, by holding in abeyance their February 17, 1995, notice of appeal until the probate court issued its amended final order, at which time the notice of appeal became effective. This rule does provide that sort of relief in an appeal to an appellate court; however, I an not persuaded that this appellate rule applies to the situation presented by this case, a condemnation appeal from the probate court to the circuit court. Rule 1, Ala. R. App. P., provides in pertinent part, "These rules govern appeals to the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which these courts or judges thereof are empowered to grant."
I refer to the set of circumstances as a quagmire, because this case is also unlike McCoy v. Garren, 384 So.2d 1113
(Ala.Civ.App. 1980). In McCoy the final order was entered after the defendants had filed their notice of appeal. No post-trial motion was involved in McCoy. Therefore, I agree with the majority that the appeal in this case is controlled by §18-1A-283, Ala. Code 1975, which requires that the notice of appeal be filed within 30 days of the order of condemnation — under the facts of this case, that order was the final amended order entered on August 21, 1995.