The petitioner, Bobby Gene Miles, appeals the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. Miles filed a Rule 32 petition in the circuit court of Colbert County on November 1, 1999. His petition was accompanied by a notice marked "Standing Notice of Appeal." The trial court denied the Rule 32 petition on November 18, 1999. Pursuant to Miles's formerly filed standing notice of appeal the circuit clerk processed the case and sent the notice of appeal to this Court. Is a premature notice of appeal — filed before a judgment has been entered on a postconviction petition — effective to confer appellate jurisdiction on this Court. For the following reasons we hold that it is not.
Miles in his "standing notice of appeal" stated:
 "Pursuant to attached petition for postconviction relief by Rule 32 A.R.Cr.P. remedy petitioner hereby submits a `Standing Notice of Appeal.'
 "Comes `Bobby Gene Miles' the pro-se petitioner, and hereby makes known that he wishes to appeal to the Alabama Court of Criminal Appeals any denial, dismissal or adverse ruling by this court for the attached petition for postconviction relief by way of Rule 32, A.R.Cr.P. remedy. Appeal in this cause is authorized by Rules 3-4 Alabama Rules of Appellate Procedure and Rule 32.10 Alabama Rules of Criminal Procedure. *Page 469 
 Appellate Forms: A.R.A.P. 26 front-back and A.R.A.P. 1-C are attached hereto."
This Court has never had occasion to speak to the specific issue presented in this case. However, the Alabama Court of Civil Appeals inMcCoy v. Garren, 384 So.2d 1113, 1114-15 (Ala.Civ.App. 1980) has stated the following concerning a premature notice of appeal:
 "Appeals are of statutory origin, and, unless so provided, no appeal will lie. Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144 (1948). . . .
 "Section 18-1-20, Code of Alabama 1975 is the only provision in the Code authorizing appeals from condemnation orders entered by probate courts. State v. Pettis, 275 Ala. 450, 156 So.2d 137 (1963). Therefore, the probate court order of November 27, 1978, not the September 22, 1978 order, was the order that triggered the running of the thirty day appeal period for appeals to the circuit court. Consequently defendants' notice of appeal, which was filed on November 8, 1978, was filed before the order of condemnation from which an appeal could be taken. The result is a premature taking of an appeal.
 "Defendants' failure to perfect their appeal in accordance with § 18-1-20 deprives the circuit court of jurisdiction to hear the appeal. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954). Not having jurisdiction to hear defendants' appeal, the circuit court properly dismissed it. State v. King, 271 Ala. 16, 122 So.2d 158 (1960)."
Followed by Ex parte City of Irondale, 686 So.2d 1127 (Ala. 1996). See also Jenkins v. Jenkins, 112 Md. App. 390, 685 A.2d 817 (1996) ("Premature notices of appeal are generally of no force and effect. . . .They have no effect because premature appeals are a jurisdictional defect. . . . We may not confer appellate jurisdiction on our own initiative.").
Rule 4(a)(1), Ala.R.App.P., states: "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ." The only provision in the rules that speaks to filing a premature notice of appeal is contained in Rule 4(b)(1). This rule states: "A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after the pronouncement of the sentence and on the day thereof."
Clearly, the wording of the Rule states that notice of appeal must be filed within 42 days "after a judgment" has been entered in a case. There is nothing from which to appeal until a ruling has been entered in a case. When Miles filed his notice of appeal there was no judgment entered on the Rule 32 petition.
We suggest that when a district or circuit court clerk receives a postconviction petition that is accompanied by a premature notice of appeal, that the clerk return the notice of appeal so that the petitioner is placed on notice that he/she will have to submit a written[1] notice of appeal to the circuit clerk when a judgment is made on the petition.
Here, the "standing notice of appeal" filed prior to the entry of judgment *Page 470 
was not effective to invoke the jurisdiction of this Court. No written notice of appeal was filed after the entry of judgment; therefore, this Court has no jurisdiction to consider this appeal. Barfield v. State,703 So.2d 1011 (Ala.Crim.App. 1997).
For the foregoing reasons this case is due to be dismissed.
 APPEAL DISMISSED.
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] A written notice of appeal is the only proper means of filing a notice of appeal from the denial of a postconviction petition. See Wootenv. State, 769 So.2d 343 (Ala.Crim.App. 2000).