The State of Alabama filed this pretrial appeal after the circuit court granted Scott Edward Moore's motion to dismiss the indictment against him. For the following reasons, we must dismiss this appeal.
Rule 15.7(a), Ala.R.Crim.P., allows the State to appeal a pretrial ruling dismissing an indictment. Rule 15.7(b), Ala.R.Crim.P., states:
 "The notice of appeal shall be filed both with the clerk of the circuit court and with the clerk of the Court of Criminal Appeals within seven (7) days after the order has been entered. . . ."[1]
Here, the ruling dismissing the indictment was entered on March 8, 2001; however, the notice of appeal was not filed in this Court until April 6, 2001 — almost one month after the ruling on the motion.
Rule 2(a), Ala.R.App.P., states: "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 15.7 specifically provides that a notice of appeal from a pretrial ruling shall be filed in both the circuit court and the Court of Criminal Appeals within seven days of the pretrial ruling appealed from. This provision of Rule 15.7 is mandatory. An appellate court may not extend the time for filing the notice of appeal. Rule 2(b), Ala.R.App.P. "Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed." Woods v. State, 371 So.2d 944,945 (Ala. 1979).
In this case, the notice of appeal filed with the clerk of the circuit court reflects, in the certificate of service, that the State served a copy of the notice on the clerk of the Court of Criminal Appeals by placing it in the mail of the United States Postal Service that same day — the seventh day from the ruling on the motion. Rule 25, Ala.R.App.P. states:
 "Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized."
This Court did not receive the notice of appeal in this case until April 6, 2001 — a date significantly past the seven-day time period provided in Rule 15.7 for a pretrial appeal. We have no jurisdiction to consider this appeal. This appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED. *Page 586 
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] We are aware of no other provision in any of the procedural rules promulgated by the Alabama Supreme Court that requires that a notice of appeal be filed both in the circuit court and in this Court. The rationale for this provision may be that pretrial appeals by the State "shall have preference in the appropriate appellate court." Rule 15.7(c), Ala.R.Crim.P.