On Application for Rehearing
The opinion issued September 30, 2005, is withdrawn and the following opinion is substituted therefor.
The State appeals from the circuit court's order granting a motion to dismiss Count I of the indictment against the appellee, Jackie Sue Woodall.
The appellee was indicted for second-degree unlawful manufacture of a controlled substance and unlawful possession of a controlled substance. She filed a "Motion to Dismiss Count I of Indictment," which charged her with second-degree unlawful manufacture of a controlled substance. On May 5, 2005, the circuit court entered an order granting the appellee's motion. This appeal followed.
Initially, we note:
 "Rule 2(a), Ala. R.App. P., states: `An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.' Rule 15.7 specifically provides that a notice of appeal from a pretrial ruling shall be filed in both the circuit court and the Court of Criminal Appeals within seven days of the pretrial ruling appealed from. This provision of Rule 15.7 is mandatory. An appellate court may not extend the time for filing the notice of appeal. Rule 2(b), Ala. R.App. P. `Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed.' Woods v. State, 371 So.2d 944, 945 (Ala. 1979)."
State v. Moore, 803 So.2d 584, 585
(Ala.Crim.App. 2001).
The record in this case indicates that the circuit court entered its order *Page 1062 
dismissing Count I of the indictment on May 5, 2005. The State timely filed its notice of appeal in this court on May 5, 2005. However, it filed its notice of appeal in the circuit court on May 2, 2005, before the circuit court entered its order dismissing Count I the indictment. In Miles v.State, 822 So.2d 468, 468-70 (Ala.Crim.App. 2000), we addressed a similar situation in the Rule 32 context as follows:
 "The petitioner, Bobby Gene Miles, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim. P. Miles filed a Rule 32 petition in the circuit court of Colbert County on November 1, 1999. His petition was accompanied by a notice marked `Standing Notice of Appeal.' The trial court denied the Rule 32 petition on November 18, 1999. Pursuant to Miles's formerly filed standing notice of appeal the circuit clerk processed the case and sent the notice of appeal to this Court. Is a premature notice of appeal — filed before a judgment has been entered on a postconviction petition" effective to confer appellate jurisdiction on this Court? For the following reasons we hold that it is not.
"Miles in his `standing notice of appeal' stated:
 "`Pursuant to attached petition for postconviction relief by Rule 32 A.R. Cr. P. remedy petitioner hereby submits a "Standing Notice of Appeal."
 `"Comes "Bobby Gene Miles" the pro-se petitioner, and hereby makes known that he wishes to appeal to the Alabama Court of Criminal Appeals any denial, dismissal or adverse ruling by this court for the attached petition for postconviction relief by way of Rule 32, A.R. Cr. P. remedy. Appeal in this cause is authorized by Rules 3-4 Alabama Rules of Appellate Procedure and Rule 32.10 Alabama Rules of Criminal Procedure. Appellate Forms: A.R.A.P. 26 front-back and A.R.A.P. 1-C are attached hereto.'
"This Court has never had occasion to speak to the specific issue presented in this case. However, the Alabama Court of Civil Appeals in McCoy v. Garren, 384 So.2d 1113,1114-15 (Ala.Civ.App. 1980), has stated the following concerning a premature notice of appeal:
 "`Appeals are of statutory origin, and, unless so provided, no appeal will lie. Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144 (1948). . . .
 "`Section 18-1-20, Code of Alabama 1975 is the only provision in the Code authorizing appeals from condemnation orders entered by probate courts. State v. Pettis, 275 Ala. 450, 156 So.2d 137
(1963). Therefore, the probate court order of November 27, 1978, not the September 22, 1978 order, was the order that triggered the running of the thirty day appeal period for appeals to the circuit court. Consequently defendants' notice of appeal, which was filed on November 8, 1978, was filed before the order of condemnation from which an appeal could be taken. The result is a premature taking of an appeal.
 "`Defendants' failure to perfect their appeal in accordance with § 18-1-20 deprives the circuit court of jurisdiction to hear the appeal. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854
(1954). Not having jurisdiction to hear defendants' appeal, the circuit court properly dismissed it. State v. King, 271 Ala. 16, 122 So.2d 158
(1960).'
"Followed by Ex parte City of Irondale, 686 So.2d 1127
(Ala. 1996). See also Jenkins v. Jenkins,112 Md.App. 390, 685 A.2d 817 (1996) (`Premature notices of appeal are generally of no force and *Page 1063 
effect. . . . They have no effect because premature appeals are a jurisdictional defect. . . . We may not confer appellate jurisdiction on our own initiative.').
"Rule 4(a)(1), Ala. R.App. P., states: `Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . .' The only provision in the rules that speaks to filing a premature notice of appeal is contained in Rule 4(b)(1). This rule states: `A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after the pronouncement of the sentence and on the day thereof.'
"Clearly, the wording of the Rule states that notice of appeal must be filed within 42 days `after a judgment' has been entered in a case. There is nothing from which to appeal until a ruling has been entered in a case. When Miles filed his notice of appeal there was no judgment entered on the Rule 32 petition.
 ". . . .
 "Here, the `standing notice of appeal' filed prior to the entry of judgment was not effective to invoke the jurisdiction of this Court. No written notice of appeal was filed after the entry of judgment; therefore, this Court has no jurisdiction to consider this appeal. Barfield v. State, 703 So.2d 1011 (Ala.Crim.App. 1997)."
Because the State filed its notice of appeal in the circuit court on May 2, 2005, before the circuit court entered its order on May 5, 2005, that notice was premature and was not effective to invoke the jurisdiction of this court.[1] Also, the State did not later file a notice of appeal in the circuit court after the circuit court entered *Page 1064 
its order granting the appellee's "Motion to Dismiss Count I of Indictment." Therefore, the State did not file an effective notice of appeal in the circuit court. Because the State did not file an effective notice of appeal both in this court and in the circuit court, this court does not have jurisdiction to consider this appeal. See Moore, supra. Accordingly, we dismiss this appeal.
OPINION OF SEPTEMBER 30, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED; APPLICATION FOR REHEARING OVERRULED.
McMILLAN, P.J., and SHAW, J., concur; WISE, J., dissents, with opinion, which COBB, J., joins.
[1] In her "Motion to Supplement the Record," the appellee alleges that, on May 2, 2005, the trial court held a hearing on her motion to dismiss and stated from the bench that Count I of the indictment was due to be dismissed. However, the record does not include any indication that a hearing was, in fact, held on that date and that a ruling was issued on that date.
On October 6, 2005, after we issued our original opinion on September 30, 2005, the circuit court entered a "Nunc Pro Tunc Order," stating that, on May 2, 2005, it conducted a hearing on the appellee's "Motion to Dismiss Count I of Indictment"; that, at the close of the parties' arguments, it stated that Count I of the indictment was due to be dismissed; and that it "confirmed its ruling by the entry of a written Order dated May 4, 2005." The circuit court's order was, in essence, an untimely attempt to supplement the record. See Rule 10(g), Ala. R.App. P. Moreover, at the time the circuit court entered its order, this court had jurisdiction over the case. Therefore, the circuit court did not have jurisdiction to enter such an order, and its October 6, 2005, order was void. Accordingly, we strike the circuit court s October 6, 2005, order.
Also, on October 7, 2005, the State filed, in the circuit court, a motion to supplement the record with the circuit court's October 6, 2005, "Nunc Pro Tunc Order." However, Rule 10(g), Ala. R.App. P., provides that a motion to supplement the record must be filed "within 14 days (2 weeks) after the date shown on the copy of the certificate of completion of the record on appeal." In this case, the certificate of completion was dated May 13, 2005. Therefore, the State's motion to supplement the record was not timely filed pursuant to Rule 10(g), Ala. R.App. P.
For these reasons, the record that is properly before this court does not indicate that the circuit court had entered an order granting the appellee's "Motion to Dismiss Count I of Indictment" before May 5, 2005. Although the result may appear to be harsh, this court is bound by the dates that are reflected in the record that is properly before us.