BASCHAB, Judge,
dissenting.
Because the appellant filed a premature notice of appeal in this case, this court should dismiss this appeal. Accordingly, I respectfully dissent.
The following dates and events are relevant to an understanding of the procedural posture of this case:
August 17, 2004 The appellant filed his Rule 32 petition.
September 14, 2004 The State filed its response to the petition.
October 7, 2004 The circuit court signed a separate order dismissing the petitioft.
March 23, 2005 The appellant filed a motion to amend his petition.
*1014 April 26, 2005 The State responded to the appellant’s motion to amend.
May 9, 2005 The circuit court signed a separate order denying the appellant’s motion to amend as moot.
May 10, 2005 The circuit clerk stamped as filed the circuit court’s order dated May 9,2005.
June 23, 2005 The appellant filed a notice of appeal “from the judgment rendered against him on the 20th day of June, 2004, denying relief on his Rule 32 petition”; a reporter’s transcript order indicating that he was appealing an order dated May 9, 2005; and a docketing statement indicating that he was appealing an order dated May 9, 2005. (C.R. 96, 97, 98.) Also, on the docketing statement, under the section entitled “Nature of the Case,” the appellant stated: “Rule 32 Petition Denial without notification to Petitioner until June ... 2005 when the Petitioner received denial of Rule 32 petition order from the Circuit court. Petitioner is due out of time appeal because he was not notified.” (C.R. 99.)
August 4, 2005 The circuit clerk filed a notice of appeal with this court in which it indicated that it had not received the order the appellant was appealing.
August 19, 2005 The circuit clerk filed an amended notice of appeal with this court in which it indicated that the order the appellant was appealing was dated October 7, 2004, but was received in that office on August 11, 2005.
In Miles v. State, 822 So.2d 468, 468 (Ala.Crim.App.2000), the question before this court was whether “a premature notice of appeal — filed before a judgment has been entered on a postconviction petition — [is] effective to confer appellate jurisdiction on this Court.” In Miles, we found that a premature notice of appeal was not effective, explaining as follows:
“Miles filed a Rule 32 petition in the circuit court of Colbert County on November 1, 1999. His petition was accompanied by a notice marked ‘Standing Notice of Appeal.’ The trial court denied the Rule 32 petition on November 18, 1999. Pursuant to Miles’s formerly filed standing notice of appeal the circuit clerk processed the case and sent the notice of appeal to this Court....
“Miles in his ‘standing notice of appeal’ stated:
“ ‘Pursuant to attached petition for postconviction relief by Rule 32 A.R. Cr. P. remedy petitioner hereby submits a “Standing Notice of Appeal.”
“‘Comes “Bobby Gene Miles” the pro-se petitioner, and hereby makes known that he wishes to appeal to the Alabama Court of Criminal Appeals any denial, dismissal or adverse ruling by this court for the attached petition for posteonviction relief by way of Rule 32, A.R. Cr. P. remedy. Appeal in this cause is authorized by Rules 3-4 Alabama Rules of Appellate Procedure and Rule 32.10 Alabama Rules of Criminal Procedure. Appellate Forms: A.R.A.P. 26 front-back and A.R.A.P. 1-C are attached hereto.’
“This Court has never had occasion to speak to the specific issue presented in this case. However, the Alabama Court of Civil Appeals in McCoy v. Garren, 384 So.2d 1113, 1114-15 (Ala.Civ.App.1980), has stated the following concerning a premature notice of appeal:
“ ‘Appeals are of statutory origin, and, unless so provided, no appeal will lie. Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144 (1948)....
“ ‘Section 18-1-20, Code of Alabama 1975 is the only provision in the Code authorizing appeals from condemnation orders entered by probate courts. State v. Pettis, 275 Ala. 450, 156 So.2d 137 (1963). Therefore, the probate court order of November 27, 1978, not the September 22, 1978 order, was the order that triggered the running of the thirty day appeal period for appeals to the circuit court. Consequently defendants’ notice of appeal, which was filed on November 8, 1978, *1015 was filed before the order of condemnation from which an appeal could be taken. The result is a premature taking of an appeal.
“ ‘Defendants’ failure to perfect their appeal in accordance with § 18-1-20 deprives the circuit court of jurisdiction to hear the appeal. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954). Not having jurisdiction to hear defendants’ appeal, the circuit court properly dismissed it. State v. King, 271 Ala. 16, 122 So.2d 158 (1960).’
“Followed by Ex parte City of Irondale, 686 So.2d 1127 (Ala.1996). See also Jenkins v. Jenkins, 112 Md.App. 390, 685 A.2d 817 (1996) (‘Premature notices of appeal are generally of no force and effect.... They have no effect because premature appeals are a jurisdictional defect.... We may not confer appellate jurisdiction on our own initiative.’).
“Rule 4(a)(1), Ala. R.App. P., states: ‘Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.... ’ The only provision in the rules that speaks to filing a premature notice of appeal is contained in Rule 4(b)(1). This rule states: ‘A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after the pronouncement of the sentence and on the day thereof.’
“Clearly, the wording of the Rule states that notice of appeal must be filed within 42 days ‘after a judgment’ has been entered in a case. There is nothing from which to appeal until a ruling has been entered in a case. When Miles filed his notice of appeal there was no judgment entered on the Rule 32 petition.
‘We suggest that when a district or circuit court clerk receives a postconviction petition that is accompanied by a premature notice of appeal, that the clerk return the notice of appeal so that the petitioner is placed on notice that he/she will have to submit a written notice of appeal to the circuit clerk when a judgment is made on the petition.
“Here, the ‘standing notice of appeal’ filed prior to the entry of judgment was not effective to invoke the jurisdiction of this Court. No written notice of appeal was filed after the entry of judgment; therefore, this Court has no jurisdiction to consider this appeal. Barfield v. State, 703 So.2d 1011 (Ala.Crim.App.1997).”
822 So.2d at 468-70 (footnote omitted).
Although the circuit court dated its order dismissing the petition October 7, 2004, the record establishes that the order was not filed in the circuit clerk’s office, and thereby officially entered, until August 11, 2005. See Ex parte Potts, 814 So.2d 836, 838 n. 1 (Ala.2001) (noting that “the date of entry by the clerk, rather than the date the judgment is rendered, should be used when computing the time within which the notice of appeal must be filed”). Also, as was the situation in State v. Wilson, [Ms. CR-04-1598, November 23, 2005] — So.2d - (Ala.Crim.App.2005), and State v. Woodall, [Ms. CR-04-1599, November 23, 2005] — So.2d - (Ala. Crim.App.2005), the record does not affirmatively indicate that the circuit court in any way announced its decision to the parties before the order was officially entered. Therefore, it is not appropriate to rely on Rule 4(a)(4), Ala. R.App. P., treat the no *1016 tice of appeal the appellant filed on June 23, 2005, as having been filed on August 11, 2005, when the circuit court’s ordered was entered.
Because the appellant filed his notice of appeal in the circuit court on June 23, 2005, before the circuit court entered its order on August 11, 2005, that notice was premature and was not effective to invoke the jurisdiction of this court. Also, the appellant did not later file a notice of appeal in the circuit court after the circuit court entered its order dismissing the petition. Therefore, the appellant did not file an effective notice of appeal, and this court does not have jurisdiction to consider this appeal. See Miles, supra. Accordingly, I respectfully dissent.
McMILLAN, P.J., concurs.