STUART, Chief Justice.
*1173 Alabama Power Company petitions this Court for a writ of mandamus directing the St. Clair Circuit Court ("the circuit court") to dismiss an appeal filed by Michael C. Armstrong, Donna Armstrong, Victoria Gendron, Robert Gendron, and Annalise Gendron (hereinafter referred to collectively as "the property owners") challenging a judgment entered by the St. Clair County Probate Court ("the probate court") in a condemnation proceeding brought by Alabama Power. We deny the petition.
I.
On March 13, 2017, Alabama Power initiated condemnation proceedings in the probate court seeking to obtain easements across three parcels of property in St. Clair County for the purpose of erecting new power-transmission lines. The property owners were served notice of the complaint for condemnation and, at hearings conducted on April 25, 2017, and May 10, 2017, the probate court heard the arguments of the parties and received evidence. See § 18-1A-276, Ala. Code 1975 ("The probate court shall conduct a hearing within 45 days after the filing of the complaint [for condemnation] ... and, within 10 days after the hearing, shall make an order granting or refusing the complaint."). On May 18, 2017, the probate court granted Alabama Power's complaint and appointed three commissioners to determine the compensation Alabama Power would be required to pay the property owners to complete the condemnation process (this order is hereinafter referred to as "the May 18 order granting the complaint"). The commissioners thereafter submitted their report to the probate court recommending awards of $44,961 in favor of Michael and Donna Armstrong, $66,284 in favor of Victoria Gendron, and $48,787 in favor of Robert and Annalise Gendron. On June 8, 2017, the probate court entered an order, consistent with § 18-1A-282, Ala. Code 1975, adopting the report filed by the commissioners and declaring that Alabama Power would obtain the desired easements upon its payment of the assessed amounts (this order is hereinafter referred to as "the June 8 order of condemnation").[1] The June 8 order of condemnation also notified the parties of their right to appeal the probate court's decision pursuant to § 18-1A-283, Ala. Code 1975, which provides, in relevant part, that "[a]ny of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal."
On June 15, 2017, the property owners filed a notice of appeal in the probate *1174 court. That notice described itself as "the parties' notice of appeal of the order of this Court, dated May 18, 2017, granting [Alabama Power's] petition for condemnation," and further stated that it was "brought in accord with ... [§] 18-1A-283." On July 5, 2017, the probate court transferred the case to the circuit court for the trial de novo contemplated by § 18-1A-283, stating in its order of transfer:
"This court, having received timely notices of appeal[2 ] filed on June 15, 2017, by [the property owners] in accord with [ § 18-1A-283 ] on this court's condemnation order of May 18, 2017, and the court's subsequent order confirming report of commissioners of June [8], 2017, hereby transfers this action in its entirety and on all issues to be adjudicated de novo, to the circuit court of St. Clair County, Alabama."
On July 11, 2017, Alabama Power moved the circuit court to dismiss the property owners' appeal, arguing that the property owners had failed to comply strictly with § 18-1A-283. Specifically, Alabama Power argued that the notice of appeal filed by the property owners indicated that they sought review of the May 18 order granting the complaint; however, Alabama Power argued, § 18-1A-283 and controlling caselaw, see, e.g., Ex parte City of Irondale, 686 So.2d 1127 (Ala. 1996), indicate that only the June 8 order of condemnation is appealable. Accordingly, Alabama Power argued, the circuit court lacked jurisdiction over the appeal. The circuit court subsequently conducted a hearing on Alabama Power's motion and, on August 15, 2017, denied the motion by written order, explaining:
"The court finds that the reference to the [May 18 order granting the complaint] in [the property owners'] notice of appeal was inadvertent. This is not a case where [the property owners] failed to file a notice of appeal or missed the filing deadline. This is a case where [the property owners] fully complied with applicable law and filed a notice of appeal that arguably included a reference to the wrong order-which this court deems inconsequential and not fatal to [the property owners'] compliance with the requirements of § 18-1A-283.
"Upon consideration of the entire record and facts presented to this court, it is abundantly clear that [the property owners] intended to appeal from the [June 8] order of condemnation in compliance with § 18-1A-283. It is also abundantly clear that the probate court's order of transfer of appeal confirms that the notice of appeal applied to the [June 8] order of condemnation and was 'in accord with § 18-1A-283.' "
On September 26, 2017, Alabama Power petitioned this Court for mandamus review, and, on November 15, 2017, this Court entered an order staying all proceedings in the circuit court while Alabama Power's petition was under review.
II.
Alabama Power argues that the circuit court should have granted its motion to dismiss because, it says, the property owners' failure to strictly comply with § 18-1A-283 leaves the circuit court with no jurisdiction over the appeal. As explained in Ex parte Hampton, 189 So.3d 14 (Ala. 2015), this matter is an appropriate subject for mandamus review; we accordingly *1175 apply the standard of review set forth in that opinion:
" ' " 'The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ; see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala. 1995).' Ex parte Carter, [807 So.2d 534,] 536 [ (Ala. 2001) ]."
" ' Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001).
" ' "Subject to certain narrow exceptions ..., we have held that, because an 'adequate remedy' exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002).'
" Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 965-66 (Ala. 2011). The narrow exceptions when mandamus review is available include when the petitioner challenges the subject-matter jurisdiction of the trial court, Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala. 2007), or when the petitioner asserts immunity. Ex parte Alabama Peace Officers' Standards & Training Comm'n, 34 So.3d 1248 (Ala. 2009)."
189 So.3d at 16 (emphasis added).
III.
In determining whether Alabama Power is entitled to the mandamus relief it seeks, we must determine whether it had a clear legal right to have its motion to dismiss granted. We begin that analysis by first noting that the law is clear that an aggrieved party resisting an eminent-domain taking cannot appeal the preliminary order granting a complaint for condemnation; rather, the party must wait until the order of condemnation is entered pursuant to § 18-1A-282 before any appeal can be filed. See McCoy v. Garren, 384 So.2d 1113, 1114 (Ala. Civ. App. 1980) ("No appeal from the preliminary order of condemnation is provided for in § 18-1-11[, Ala. Code 1975[3] ]. Although at one time this section of the Code did permit appeals from the preliminary order of condemnation, the Code section no longer permits such an appeal."). Nevertheless, after the order of condemnation is entered, an aggrieved party may appeal to the circuit court pursuant to § 18-1A-283, and, during the ensuing trial de novo, that aggrieved party can challenge both whether condemnation was appropriate-the subject of the preliminary order granting the complaint for condemnation-and the compensation awarded in the subsequent order of condemnation. See State v. SouthTrust Bank of Baldwin Cty., 634 So.2d 561, 563 (Ala. Civ. App. 1994) ("On appeal, the circuit court tries the case de novo on both the issue of whether the property should be condemned and, if condemned, the issue of what compensation and damages are due the parties with an interest in the condemned property."). This statutory process promotes judicial economy inasmuch as it avoids a scenario where a property owner resisting an eminent-domain taking might have to pursue two separate appeals if the owner objects not only to the taking, but also to the subsequently awarded compensation.
*1176 Accordingly, if the property owners' appeal is viewed as an attempted appeal of the May 18 order granting the complaint, it must be dismissed, and Alabama Power is entitled to the relief it seeks. Ex parte City of Irondale, 686 So.2d at 1129, McCoy, 384 So.2d at 1114-15. Alabama Power argues that a plain reading of the property owners' notice of appeal requires this result inasmuch as that notice of appeal represents itself to be "the parties' notice of appeal of the order of this Court, dated May 18, 2017, granting [Alabama Power's] petition for condemnation." The property owners, however, emphasize that neither § 18-1A-283 nor any caselaw interpreting that statute imposes any specific requirements upon what must be included in a notice of appeal filed pursuant to that statute, other than the requirement that the notice be "written." Accordingly, they argue that their notice of appeal, which explicitly stated that it was "brought in accord with ... [§] 18-1A-283"-which statute authorizes an appeal of only a final order of condemnation-was effective as to the June 8 order of condemnation. They further state that it was always their intent to appeal the June 8 order of condemnation and that they believed their notice of appeal did in fact do so. They further explain that they referenced the May 18 order granting the complaint in their notice of appeal only to make clear that they intended to challenge on appeal not only the awarded compensation, but also the propriety of the taking.
In Boutwell v. State, 988 So.2d 1015, 1022-23 (Ala. 2007), this Court recognized the "confusing" nature and "unwieldiness" of the Alabama Eminent Domain Code, § 18-1A-1 et seq., Ala. Code 1975, which was enacted in 1985 and which blended existing Alabama statutes with provisions of the Uniform Eminent Domain Code. Boutwell involved a case in which the State sought to condemn certain property in Covington County to widen a federal highway between Opp and Andalusia. 988 So.2d at 1017. Thirty days after the Covington County Probate Court entered the final order of condemnation, the property owner contacted the court to verify the deadline for filing an appeal pursuant to § 18-1A-283 ; the court mistakenly told him that he had until the next day when, in actuality, any notice of appeal was due that same day. 988 So.2d at 1018. In accord with the instruction received from the court, the property owner filed his notice of appeal the next day; however, after the matter was transferred to the Covington Circuit Court, the State moved to dismiss the appeal as untimely. Id. The circuit court ultimately granted the State's motion, and, even after the probate judge submitted an affidavit explaining her error, the circuit court declined to reconsider. Id.
The property owner appealed the matter to the Court of Civil Appeals, which directed the circuit court to reinstate the appeal, and, on certiorari review, this Court affirmed the Court of Civil Appeals' decision, explaining that, even though the property owner's appeal was untimely, "the doctrine of equitable estoppel should be available to allow [the property owner] to proceed with [his] appeal." 988 So.2d at 1024. Citing previous cases in which appellants had filed presumptively untimely appeals based on incomplete or incorrect information received from probate courts, see Ex parte Tanner, 553 So.2d 598 (Ala. 1989), and from circuit court clerk's offices, see Sparks v. Alabama Power Co., 679 So.2d 678 (Ala. 1996), the Boutwell Court explained that " 'every litigant must receive fair and just treatment from the court system of this State,' " 988 So.2d at 1027 (quoting Sparks, 679 So.2d at 681 ), and that, as part of that principle, litigants *1177 must be able to rely on information they receive from the court system.[4]
Here, § 18-1A-283 provided the property owners with 30 days, or until Monday, July 10, 2017, to appeal the June 8 order of condemnation. See Rule 6(a), Ala. R. Civ. P. In fact, they filed a notice of appeal on June 15, unquestionably within that period. As the circuit court subsequently stated in its order denying Alabama Power's motion to dismiss, that notice of appeal "arguably included a reference to the wrong order"; however, we note that it was nevertheless a "written notice of appeal" invoking § 18-1A-283 that was properly filed in the probate court after the June 8 order of condemnation.[5] Thus, this is not a case presenting a clear jurisdictional problem such as a missed deadline, see, e.g., Ex parte City of Irondale, 686 So.2d at 1128 (notice of appeal of August 21 order was not filed in the probate court until September 28, more than 30 days after appealable order was entered), or a notice of appeal filed in the wrong court, see, e.g., Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala. Civ. App. 1999) (holding that "a notice of appeal filed in the circuit court within the 30-day period will not suffice to perfect an appeal pursuant § 18-1A-283"). Therefore, and consistent with the equitable principles applied in Boutwell, Sparks, and Ex parte Tanner, and discussed further below, we agree with the circuit court that it would be unjust and inappropriate to dismiss the property owners' appeal.
After the property owners filed their notice of appeal, which they assert they believe encompassed the June 8 order of condemnation, the probate court, on July 5, 2017, entered an order of transfer affirmatively confirming that belief inasmuch as the order stated that it was transferring "this action in its entirety and on all issues" based upon the "timely notices of appeal filed ... by [the property owners] ... on this court's condemnation order of May 18, 2017, and the court's subsequent order confirming report of commissioners of June [8], 2017" (emphasis added). Thus, this transfer order essentially told the property owners that they had successfully navigated the "confusing" statutory process for appealing the judgment entered by a probate court in a condemnation action and put them on notice that, in accordance with that process, a trial de novo would thereafter be held in the circuit court without the necessity of their filing any other notice of appeal. Had the probate court's July 5 transfer order notified the property owners that it found their notice of appeal to be vague or in some way deficient-instead of ordering a transfer of the action-the property owners would have still had time to correct that deficiency before the period for filing an appeal expired. However, because the probate court understood the property owners'
*1178 notice of appeal to encompass the June 8 order of condemnation, no such notice of deficiency was given, and the property owners instead reasonably relied on the probate court's representation that their notice of appeal was effective and that the action had been transferred to the circuit court. It would be unjust in these circumstances, and contrary to the equitable principles articulated in Boutwell, Sparks, and Ex parte Tanner, for this Court now to declare that the property owners' notice of appeal was in some way deficient so as to render it ineffective.
IV.
Alabama Power petitioned this Court for a writ of mandamus directing the circuit court to dismiss the property owners' appeal challenging a judgment entered by the probate court in a condemnation proceeding brought by Alabama Power. However, for the reasons explained above, the circuit court properly denied Alabama Power's motion to dismiss, and Alabama Power is not entitled to the relief it now seeks. Accordingly, the petition for the writ of mandamus is denied.
PETITION DENIED.
Parker, Shaw, Main, Wise, and Mendheim, JJ., concur.
Bolin, J., dissents.
Sellers, J., recuses himself.

Section 18-1A-282 provides:
"The commissioners must, within 20 days from their appointment, make a report in writing to the probate court stating the amount of damages and compensation ascertained and assessed by them for the owners of each tract of land ... and thereupon, within seven days, the probate court must issue an order that the report be recorded and the property be condemned upon payment or deposit into the probate court of the damages and compensation so assessed."

The probate court's reference to plural "notices of appeal" appears to be in regard to the fact that the singular notice of appeal filed on June 15 was jointly filed by the five property owners, three of whom were represented by the attorney who prepared the notice of appeal and two of whom were proceeding pro se. This June 15 notice of appeal was the only notice of appeal filed by the property owners in the probate court.

Section 18-1-11 was replaced by § 18-1A-276 effective January 1, 1986, when Chapter 1 of Title 18, Ala. Code 1975, was repealed and replaced by Chapter 1A.

However, as explained in State Highway Department v. Headrick Outdoor Advertising, Inc., 594 So.2d 1202, 1204-05 (Ala. 1992), the doctrine of equitable estoppel applies only to representations of fact, not representations of law. See also Moore v. Brown, 52 11 How. U.S. 414, 428, 13 L.Ed. 751 (1850) (Taney, Chief Justice, dissenting) ("[A]s a general principle, every one is chargeable with a knowledge of the law in civil as well as criminal cases.").

This case is accordingly distinguishable from McCoy, where it was evident that the aggrieved property owners were attempting to appeal the initial order granting the complaint for condemnation because they filed their notice of appeal before the order of condemnation was entered. 384 So.2d at 1115 (holding that the "notice of appeal, which was filed on November 8, 1978, was filed before the order of condemnation from which an appeal could be taken" and that the circuit court accordingly had no jurisdiction to hear the appeal).