BOLIN, Justice (dissenting).
I believe the plain words of the notice of appeal filed by the property owners in this condemnation proceeding point to the order appealed from-a nonappealable order granting Alabama Power Company's complaint and appointing commissioners to determine the compensation Alabama Power would be required to pay the property owners. Therefore, I must respectfully dissent.
Chapter 1A, Title 18, Ala. Code 1975, establishes the procedure for petitioning to condemn property interests, and § 18-1A-283, Ala. Code 1975, provides the only order from which an appeal can be taken, stating:
"Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."
A probate court enters two orders in an eminent-domain proceeding: an order either granting or denying the complaint in accordance with § 18-1A-276, Ala. Code 1975, and, if the complaint is granted, an order of condemnation in accordance with § 18-1A-282, Ala. Code 1975.
The burden is on the aggrieved party wanting to appeal to comply with § 18-1A-283, which sets out the appellate process and provides that the order from which an appeal may be taken is the order of condemnation. The requirements for the order of condemnation are specified in § 18-1A-282. Pursuant to § 18-1A-282, the probate court, after receiving the commissioners' report assessing damages for the taking,
"must issue an order that the report be recorded and the property be condemned upon payment or deposit into the probate court of the damages and compensation so assessed. A notice of entry of said order and the amount of the award shall immediately be mailed *1179 by first class mail to each party whose address is known, together with a notice of the right to appeal therefrom to the circuit court within 30 days from the date of said order."
This Court has held that § 18-1A-283 is the only provision for appeals from probate court eminent-domain orders, and it provides for appeals from orders of condemnation. Ex parte City of Irondale, 686 So.2d 1127, 1129 (Ala. 1996). As the main opinion recognizes, the law is clear that a landowner opposing an eminent-domain taking cannot appeal the preliminary order granting the complaint for condemnation.
The notice of appeal in the present case states:
"Come Now, the undersigned, J. Douglas C. Fields, Jr., Esquire, Counsel for the Defendants, Michael C. Armstrong, Donna Armstrong, and Victoria Gendron, jointly, with Defendants Robert Gendron and Annalise Gendron, Pro Se, and submit this, the parties' Notice of Appeal of the Order of this Court, dated May 18, 2017, granting Plaintiff's Petition for Condemnation. This Appeal is brought in accord with Code of Alabama (1975), Section 18-1A-283."
Clearly, the object of the property owners' notice of appeal was the probate court's May 18, 2017, order granting the petition for condemnation. The fact that the notice of appeal was filed after the probate court entered the June 8, 2017, order of condemnation does not nullify the fact that the property owners attempted to appeal from the probate court's preliminary order granting Alabama Power's complaint for condemnation.
In Ex parte City of Irondale, supra, the probate court entered an order condemning the landowner's property and awarding it to the city. Subsequently, the city filed a motion to amend the order to include the landowner's husband based on an earlier transfer of the property. The landowners filed a notice of appeal. The probate court then entered a final amended order of condemnation. The landowners argued that their appeal was timely, even though the notice of appeal was filed before the entry of the final condemnation order because Rule 4, Ala. R. App. P., requires that a premature notice of appeal be held in abeyance and is deemed filed on the date the final order is entered. This Court held that the appeal was untimely because § 18-1A-283 expressly governs appeals from the probate court in eminent-domain proceedings. Because the landowners failed to comply strictly with § 18-1A-283, the circuit court lacked jurisdiction to hear their appeal.
In Pace v. Utilities Board of City of Foley, 752 So.2d 510, 511 (Ala. Civ. App. 1999), the landowner filed a notice of appeal in the circuit court within 30 days of the order of condemnation, but the landowner did not file a notice of appeal in the probate court until 34 days after the order of condemnation had been entered. The Court of Civil Appeals noted that § 18-1A-283 required the landowner to file the notice of appeal in the probate court. Even though the notice of appeal had been timely filed in the circuit court, the Court of Civil Appeals dismissed the case for lack of jurisdiction, concluding that "a notice of appeal filed in the circuit court within the 30-day period will not suffice to perfect an appeal pursuant to § 18-1A-283. Further, we note that the notice of appeal filed in the probate court ... came too late to perfect an appeal pursuant to § 18-1A-283." 752 So.2d at 511.
In the present case, the property owners did not comply strictly with the requirements of § 18-1A-283. The notice of appeal was not from the order of condemnation but from the preliminary order granting Alabama Power's complaint. I believe *1180 that, not having jurisdiction to hear the property owners' appeal, the circuit court erred in denying Alabama Power's motion to dismiss.